THOMAS WILSON AND ELIZABETH WILSON, HIS WIFE, *Appellants,* v. C. P. DAVIS, *Appellee.*

Opinion Filed November 27, 1920.

When in a deed conveying title to lands, a lien for purchase money is *expressly* reserved in the conveyance, it may be enforced in equity, though actions on the notes given for the amount due are barred by the statute of limitations.

An Appeal from the Circuit Court for Marion County; W. S. Bullock, Judge.

Order reversed.

*Whitaker, Himes & Whitaker,* for Appellants;

*H. M. Hampton,* for Appellee.

WHITFIELD, J.—An amended bill brought by Davis, the appellee, contains the following:

"1.   Your orator is the owner in fee simple and owns a fee simple title and estate of, in and to the lands, situated in Marion County, Florida, which are specifically described in the original bill of complaint, to which reference is prayed.

"2.   On the 28th day of February, 1907, the defendant, Thomas Wilson, was the owner of the said lands, and on said date, joined by his wife, Elizabeth Wilson, who joined therein for the purpose of relinquishing dower, executed and delivered to the McGehee Lumber Company, a corporation, a deed of conveyance of the said lands, together with other lands and timber, for the purchase price of $82,062.70, part of which was paid in cash and the remainder, $60,862.70, was evidenced by two certain promissory notes of said date, each in the sum of $30,431.35, each bearing interest at eight per cent. per annum until paid. And to secure the payment of said notes the said Thomas Wilson, in and by said deed of conveyance, reserved unto himself a vendor's lien on said lands and timber so sold and conveyed by him as aforesaid, to secure the payment of the purchase money for said lands and timber rights, as is more fully shown by a copy of the said deed attached to the original bill, which copy omits the description of all lands and timber not involved in this suit, and which copy is made a part hereof as Exhibit A, and reference thereto is prayed.

"3.   Afterwards the said McGehee Lumber Company sold and conveyed the said lands to the Florida National Land Company, and the Florida National Land Company conveyed and sold said lands to your orator, and your orator is now the owner thereof as aforesaid.

"4. Your orator further shows that the two notes above mentioned and referred to and described in the deed aforesaid, for the payment of which a vendor's lien was reserved, as provided by the aforesaid deed, were not under seal, but were mere negotiable notes and were made payabl six and twelve months after date, respectively. And your orator charges that the said notes became due and payable six and twelve months, respectively, after February 28th, 1907, so that on and after the 28th day of February, 1913, the said notes and each of them were unenforceable, and your orator charges that the debt or obligation of the McGehee Lumber Company to the said Thomas Wilson, on account of the transaction aforesaid, has become barred by limitation and is absolutely unenforceable in the State of Florida, that no suit could be brought thereon to enforce the same and the said obligation has long since become unenforceable, and by reason thereof the vendor's lien attempted to be reserved by said deed of conveyance has become extinguished, and the same no longer exists, but creates a cloud on your orator's title, which should be removed by this court.

"5. Your orator further charges that the McGehee Lumber Company went out of business about April, 1913, a receiver of its affairs having been appointed, and its business was subsequently wound up through a receivership, of all of which the defendant, Thomas Wilson, had knowledge and notice, and your orator says that with knowledge of the fact that said company had long ceased to exist and with knowledge of the fact that said company had conveyed said lands to the Florida National Land Company, which conveyance was made in November, 1911, and recorded immediately thereafter in the public records of Marion County, Florida, yet the said Thomas Wilson,

with knowledge of all of said facts, has failed and neglected to institute any proceedings of any kind to enforce said vendor's lien. And your orator charges that by reason of the fact that the note or obligation representing the indebtedness of the McGehee Lumber Company to the said Thomas Wilson, if any exist, is unenforceable and barred by the statute of limitations because the same has been due more than five years and has not been renewed or extended within the past five years, and the said obligations or promissory notes, if any exist, are not under seal, the said vendor's lien has lapsed and become extinguished.

"6. And your orator further says that the said reservation of said vendor's lien as aforesaid is depreciating the value of your orator's title to said lands, and the said defendants fail and neglect to institute any proceedings to enforce the same, so that your orator is without remedy in the premises save in a court of equity, and by reason of the premises your orator is being greatly injured and embarrassed in his enjoyment of the aforesaid lands, and he therefore charges that he is entitled to have the aforesaid pretended vendor's lien cancelled and set aside as a cloud on his title.

''The premises considered, therefore, your orator prays: That your honor will take cognizance and jurisdiction of this cause, that the vendor's lien created and reserved in and by the deed aforesaid may be decreed to have expired and become extinguished and that the same may be cancelled, set aside and declared void, as a cloud on the title of your orator; that the complainant may have subpoena in chancery directed to the defendants, Thomas Wilson and Elizabeth Wilson, his wife, commanding them on a day certain and under a certain penalty therein to be named, to be and appear before the Honorable Court to

answer this your orator's bill of complaint, but not under oath, the oath to and verification of such answer being expressly waived; and that your orator may have such other and further relief, not herein specifically prayed, as the nature of the case may require and as to Your Honor shall seem meet and proper."

The deed of conveyance, executed by the grantor and his wife, and accepted by the grantee, contains the following:

"And the grantor hereby reserves unto himself a vendor's lien to secure the payment of the purchase money for said lands and timber rights, said lien being reserved to secure the sum of sixty thousand and eight hundred and sixty-two and 70/100 dollars, represented and evidenced by two certain promissory notes of even date, the 28th of February, 1907, each in the sum of thirty thousand four hundred and thirty-one and 35/100 dollars, each bearing interest at the rate of eight per cent. per annum from date until paid."

A demurrer to the amended bill of complaint was overruled, the court stating that the notes being barred by the statute of limitations, the lien reserved in the conveyance by the grantor "does not prolong the limitation applicable to the notes, and it is not enforceable as an independent covenant to pay the debt, nor enforceable against the lands conveyed.'' An appeal was taken.

In contemplation of law the grantee accepted the deed of conveyance of the lands subject to the lien expressed therein for the stated amount as the balance of the purchase price, and subsequent purchasers took conveyance of the lands with notice of and subject to the lien expressly reserved in the conveyance itself. 39 Cyc. 1792; 29 Am.

& Eng. Ency. Law (2nd ed.) 780-782; 3 Devlin on Real Estate, Sec. 1235, p. 2325. The reserved lien is in the nature of a mortgage lien (McKeown v. Collins, 38 Fla. 276, 21 South. Rep. 103), and any grantee taking subject to the express lien, who seeks relief in equity to remove the lien as a cloud on title, should pay the amount of the lien or show an equity that discharges the lien. The complainant seeking affirmative action by a court of equity has not offered to do equity or shown a countervailing equity. See Browne v. Browne, 17 Fla. 607, as to the bar of the statute on the notes secured by the lien.

In Shaylor v. Cloud, 63 Fla. 608, 57 South. Rep. 666, and McKay v. Ray, 72 Fla. 599, 73 South. Rep. 367, the conveyances did not expressly reserve a lien for purchase money.

Order reversed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.