151 So.2d 331 (1963)
O. Sanford JASPER, as Tax Collector for Pinellas County, Florida, et al., Appellants,
v.
ORANGE LAKE HOMES, INC., a Florida corporation, Appellee.
No. 3429.
District Court of Appeal of Florida. Second District.
March 20, 1963.
Richard W. Ervin, Atty. Gen., Joseph C. Jacobs and Sam Spector, Asst. Attys. Gen., Tallahassee, for appellants.
Anthony S. Battaglia (of Parker, Parker & Battaglia), Madeira Beach, for appellee.
SMITH, Judge.
By suit in chancery, the appellee contended that each agreement for deed which it held as Seller constituted and was taxable only as Class "C" intangible personal property, as defined in § 199.02(3), Florida Statutes, F.S.A., and that they had been wrongfully assessed as Class "D" intangible personal property, as defined in § 199.02(4), Florida Statutes, F.S.A. After final hearing the appellants were enjoined from assessing the agreements for deed as Class "D" intangible personal property. The appellants appeal, contending that the court erred in finding that the agreements for deed did not constitute Class "D" intangible personal property. We affirm.
Each of the agreements for deed is entered into by Orange Lake Homes, Inc., as Seller, and a named Purchaser, providing for the sale of a certain parcel of real property in Pinellas County. Under the terms of the agreements for deed, the Seller agrees to convey the property if the Purchasers first make the payments therefor. There is a specified purchase price and payment schedule. The Purchasers are granted possession, and they *332 have the privilege of pre-payment. Upon default by the Purchasers, the agreement may be terminated by the Seller, in which event the Purchasers forfeit all payments made as liquidated damages, and the Seller may re-enter. The Purchasers agree to pay the Seller's attorneys fees for legal services rendered for the collection of monies to become due under the agreement, for the foreclosure on the property, or for retaking possession. Time is made the essence of the agreements, and the covenants extend to and are binding upon the heirs, executors, administrators and assigns of the Purchasers.
With respect to taxation of intangible property, Section 1 of Article IX, Constitution of Florida, F.S.A., provides as follows:
"The Legislature shall provide for a uniform and equal rate of taxation, except that it may provide for special rate or rates on intangible property, but such special rate or rates shall not exceed two mills on the dollar of the assessed valuation of such intangible property; provided, that as to any obligations secured by mortgage, deed of trust, or other lien, the Legislature may prescribe an intangible tax of not more than two (2) mills on the dollar, which shall be payable at the time such mortgage, deed of trust, or other lien is presented for recordation, said tax to be in lieu of all other intangible assessments on such obligations. * * *."
The Legislature has defined intangible personal property as: "* * * all personal property which is not in itself intrinsically valuable but which derives its chief value from that which it represents."[1] In § 199.02, Florida Statutes, 1961, F.S.A.,[2] the Legislature has set out the classes of intangible personal property:
"For the purpose of taxation intangible personal property is hereby divided into four classes to be known as class A, B, C and D, intangible personal property.
"(1) Class A intangible personal property is hereby defined as all moneys, United States legal tender notes, bank deposits of all kinds, certificates of deposits, cashiers' and certified checks, bills of exchange, drafts, and money placed with savings, building and loan associations.
"(2) Class B intangible personal property is hereby defined as being all stocks, or shares of incorporated or unincorporated companies (except partnerships) all bonds, except bonds of the several municipalities, counties and other taxing districts of the state, and except bonds of the United States government and its agencies; all notes, bonds, and other obligations bearing date prior to January 1, 1942, for payment of money which are secured by mortgage, deed of trust or other liens upon real or personal estates situated in Florida * * *.
"(3) Class C intangible personal property is hereby defined as being all notes, bonds and other obligations bearing date subsequent to December 31, 1941, for payment of money which are secured by mortgage, deed of trust or other liens upon real property situated in Florida * * *.
"(4) Class D intangible personal property shall include all other intangible personal property not embraced in classes A, B or C."
The parties concede that the subject agreements for deed constitute intangible personal property as defined by § 199.01, Florida Statutes, supra. The sole question for our determination is whether the agreements for deed should be classified and assessed as Class "C" intangibles, as defined by § 199.02(3), Florida Statutes, F.S. *333 A., supra, or as Class "D" intangibles, as defined by § 199.02(4), Florida Statutes, supra. Obviously, this property cannot be classified as either Class "A" or Class "B" intangibles, as defined by subsections 1 and 2 of § 199.02, Florida Statutes, supra.
The determination of the question as to the proper classification is important to the State of Florida and to the taxpayer, since by both the Constitution[3] and § 199.11, Florida Statutes, 1961, F.S.A., the two-mill rate of tax on Class "C" intangibles is payable only one time, whereas the one-mill rate of tax on Class "D" intangibles is payable annually. Thus, any such intangible that endures for a period longer than two years will be subject to more tax if classified as Class "D" than would be paid if classified as Class "C". The legal life of the agreements for deed in question here may extend for longer than two years.
In construing a contract of similar import, our sister court in the First District held in Gulf American Land Corporation v. Green, Fla.App. 1962, 149 So.2d 396 (Opinion dated November 20, 1962), that such a contract constituted a "written obligation to pay money," within the meaning of § 201.08, Florida Statutes, F.S.A., which levies a documentary stamp tax on "promissory notes, non-negotiable notes, written obligations to pay money, assignment of salaries, wages, or other compensation." We adopt the rationale of that decision and hold that the agreements for deed constituted obligations for payment of money. Having so concluded, our immediate question may be resolved by determining whether or not these obligations for the payment of money are "secured by mortgage, deed of trust or other liens," so as to come within the purview of § 199.02(3), Florida Statutes, F.S.A.
Beginning in Aycock Bros. Lumber Co. v. First National Bank of Dothan, 1907, 54 Fla. 604, 45 So. 501, and continuing to the present with numerous intervening decisions, the courts of Florida have held that where the relationship of vendor and vendee has been established by the vendor executing a contract to convey the legal title to property upon the payment by the vendee of the purchase price, the vendee is regarded as the real beneficial owner. The vendor holds as trustee the legal title as his security; or, as it is otherwise expressed, he has a lien upon the vendee's equitable estate as security for the payment of the purchase price according to the terms of the agreement. Irrespective of this, the appellants contend that the lien contemplated in the constitutional and statutory provisions pertaining to the intangible personal property tax must be specifically recited in the document as a lien. In support of their position, the appellants point to the following phrase contained in § 199.11 (3), Florida Statutes, F.S.A.:
"* * * Every person who shall take, receive or record any mortgage, deed of trust or other written specific lien in the nature of a mortgage upon real property * * *." (Emphasis supplied.)
We see little difference in the terminology used there from that used in the other sections of the Constitution and the Statutes which simply refer to "mortgage, deed of trust, or other lien." At any rate, the Constitution limits the levy of the tax on any obligation secured by mortgage, deed of trust or other lien to the one-time tax (Class "C"), and in lieu of all others. The statutory language cannot be used to broaden the constitutional limitation.
The vendor's liens arise by virtue of the agreements for deed. They are neither implied vendor's liens which may arise after conveyance of the title (as in McKinnon v. Johnson, 1907, 54 Fla. 538, 45 So. 451), nor expressly reserved vendor's liens (as in Wilson v. Davis, 1920, 80 Fla. 727, 86 So. 686). But, none the less, the agreements for deed are, in legal effect, vendor's *334 liens, by virtue of which the vendor holds the naked legal title as security for the payment of the purchase price. The fact that the vendor, upon the breach by the vendee of his contract to purchase, has alternative remedies[4] available to him does not alter the basic position of the vendor; viz., the holder of a vendor's lien. The lien is the result of the agreement between the vendor and the vendee, and it is not a vendor's lien after absolute conveyance; therefore, the determination made in McKeown v. Collins, 1896, 38 Fla. 276, 21 So. 103, to the effect that a vendor's lien after absolute conveyance is not a specific absolute charge upon the property is not controlling, and that decision is not determinative of the question here.
The court below properly enjoined the assessment of the agreements for deed as Class "D" intangible personal property. The decree is affirmed.
KANNER, Acting C.J., and MELVIN, WOODROW, Associate Judge, concur.
NOTES
[1] Section 199.01, Florida Statutes, 1961, F.S.A.
[2] The 1961 amendments to this section have no bearing on this case.
[3] Section 1 of Article IX, Constitution of Florida.
[4] Such as the one specifically set forth in the agreements; i.e., termination, forfeiture, and re-entry, and others. See Clements v. Leonard, Fla. 1954, 70 So.2d 840.