### HAVERTY FURNITURE CO. v. UNITED STATES.

(District Court, N. D. Georgia.  August 18, 1922.)

No. 562.

Internal revenue ⬦19(1)—Memorandum of conditional sale not taxable as "promissory note."

Under Revenue Act 1918, Schedule A 6 (Comp. St. Ann. Supp. 1919, § 6318p), imposing a stamp tax on promissory notes, the term "promissory note" means an instrument at least whose plain purport is an unconditional promise to pay a fixed sum to a named or certain person at a fixed time, or at sight, or on demand, according to commercial usage, and a memorandum of a conditional sale, though evidencing an obligation to pay when the sale is consummated, is not taxable under the act.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Promissory Note.]

At Law. Action by the Haverty Furniture Company against the United States. Judgment for plaintiff.

Little, Powell, Smith & Goldstein, of Atlanta, Ga., for plaintiff.

Clint W. Hager, U. S. Atty., and John W. Henley, Asst. U. S. Atty., both of Atlanta, Ga.

SIBLEY, District Judge. The tax sought to be recovered was collected under the Revenue Act of 1918, Schedule A 6 (Comp. St. Ann. Supp. 1919, § 6318p), which lays a stamp tax of 2 cents per $100 on "drafts or checks, * * * promissory notes, except bank notes issued for circulation, and for each renewal of the same." The instruments here involved are claimed to be "promissory notes." They begin with the words, "This agreement witnesseth that I, ———, have this day purchased from the Haverty Furniture Company," and conclude with the words, "This writing is the whole contract and no verbal statements or representations are binding." They state at length the description of the furniture bought, the terms and conditions of the sale, including price and time of payment, provide for a retention of title, give an option to the seller to rescind on failure to pay, and to appropriate the payments made to rent and depreciation of the furniture, and other agreements. Some of them, in stating the price, have

---
⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the words "for which I agree to pay [so much]"; others simply say "for [so much]."

The suggestion that the form of contract, with the alteration of it, is an effort to evade the tax, may be laid aside. Where one form of instrument is taxed, and another not, one may, if he can so satisfactorily transact his affairs, avoid the form that is taxed, and use that which is not. This was held in United States v. Isham, 17 Wall. 496, 21 L. Ed. 728. Under the Revenue Act of 1898 (30 Stat. 448), which laid a tax upon bank checks, a practice was indulged without censure by which, in lieu of a check, an untaxed receipt to the bank for so much money as paid to a named person was issued, and taken up by the bank on presentation. If the instruments here are promissory notes, they are taxable; otherwise, not. As again ruled in Isham's Case, the taxability of such an instrument is to be determined by its face alone. Outside facts are of no importance. Nor is the practice of the Internal Revenue Department helpful here. No practice appears that decides this question. The regulations and decisions referred to furnish no test, for there is as much difficulty in applying them to the papers here in question as in applying the words of the act.

What did Congress mean by the term "promissory notes"? It did not use such broad expression as "all written evidences of debt," or "all written obligations to pay money." By "promissory notes," used in connection with drafts and checks, was intended commercial paper which generally throughout the United States would be so called and recognized. The exclusion of circulating bank notes illustrates what was thought otherwise to be included. Whether negotiability was contemplated or not, whether an I. O. U. or a duebill is to be included, need not now be decided. But there must be an instrument at least whose plain purport is an unconditional and absolute promise to pay a fixed sum to a named or certain person at a fixed time, or at sight, or on demand, according to commercial usage. This much is included in all the definitions of a promissory note set forth in 7 Cyc. p. 532.

Instruments which appear on their face to be essentially memorandums of sale, although they evidence an obligation to pay money when the sale shall be consummated, were not intended. Such were dealt with in another portion of the act, where only those of sales of produce for future delivery on exchanges were taxed. Looking solely to the face of these papers, there is nothing to show that the sale agreed upon therein had been executed by a delivery of the furniture. A suit for the purchase money could not be maintained by merely putting in evidence such a paper. It would have to be supplemented by proof that the seller had on his part delivered the furniture, or tendered delivery. Hence there is here no absolute unconditional promise to pay. Even those forms containing the words "for which I agree to pay" are not such. The meaning is that the buyer agrees to pay on the seller's delivering the furniture. The writings are memorandums of sale, which would satisfy the statute of frauds in proving the contract; but they are not promissory notes within the meaning of this statute.

Judgment is accordingly rendered in favor of the plaintiff against the United States for $158.91, and costs of suit.