## BANKERS' TRUST CO. et al. v. FLORIDA EAST COAST RY. CO.

### No. 757.

District Court, S. D. Florida, Jacksonville Division.

Nov. 16, 1934.

H. P. Adair, of Jacksonville, Fla., for plaintiffs Bankers' Trust Co. and Bethune W. Jones, trustees.

Cary D. Landis, Atty. Gen., and H. E. Carter, Asst. Atty. Gen., for intervener J. M. Lee, Comptroller of State of Florida.

Robert H. Anderson, of Jacksonville, Fla., for receivers.

STRUM, District Judge.

While the court can specifically pass upon the taxability only of the contract which is now before it, an expression of the reasons for the court's ruling may be helpful in preventing further controversy between the parties.

Certain cardinal principles, from which there has been no departure, in the construction of documentary stamp tax acts, were laid down in United States v. Isham, 17 Wall. (84 U. S.) 496, 21 L. Ed. 728, amongst which are:

1. The liability of an instrument for a stamp duty, as well as the amount of such duty, is determined by the form and face of the instrument, and cannot be affected by proof of facts outside of the instrument itself. Extrinsic facts are of no importance. See, also, Haverty Furniture Co. v. United States (D. C.) 286 F. 985.

2. If there is a doubt as to the liability of an instrument to taxation, the construction is in favor of exemption because a tax cannot be imposed without clear and express words for that purpose. Such taxes are strictly construed in favor of the taxpayer and against the grantee of the power to tax. See, also, Atlantic Coast Line R. Co. v. Amos, 94 Fla. 588, 115 So. 315.

3. Ambiguities are to be resolved in favor of the taxpayer. See, also, Edwards v. Wa-

bash Ry. Co. (C. C. A.) 264 F. 610; 31 C. J. 285; State v. Beardsley, 84 Fla. 109, 94 So. 660; State v. Cook, 108 Fla. 157, 160, 146 So. 223; Lee v. Bickell, 292 U. S. 415, 54 S. Ct. 727, 78 L. Ed. 1337.

■ The Florida statute (Laws 1931 [Ex. Sess.] c. 15787, § 1) imposes a stamp tax, inter alia, "on promissory notes, non-negotiable notes, written obligations to pay money, * * * and for each renewal of the same. * * *" The phrase "written obligations to pay money," which follows immediately after "promissory notes, non-negotiable notes," is to be construed ejusdem generis, as referring to obligations of the same genus as those specifically named immediately prior to that phrase, which are obligations having for their essential purpose the repayment of money—usually money previously loaned. The language which follows "and for each renewal of the same" is peculiarly applicable to notes, but not ordinarily to contracts of sale and purchase.

■ The instrument here under consideration is primarily and essentially a contract for the sale and purchase of a commodity, namely, electricity. The essential purpose of the instrument is to evidence the obligation (or promise) of the city of Jacksonville to supply electricity, and the obligation (or promise) of the receivers to consume a certain minimum thereof within designated periods— a purely commercial contract of sale and purchase. It is true that the purchasers agree— and in a sense "obligate" themselves—to pay for the product thus supplied them. But the instrument, considered as a whole, is essentially a contract of sale and purchase. The promise or obligation to pay money is merely incidental to the primary object already stated.

To say the least of it, it is doubtful, and the statute ambiguous, as to whether or not such an instrument, although it evidences an obligation to pay money when the sale shall be consummated, was in legislative contemplation when the act was adopted. That doubt and ambiguity should be and is resolved in favor of the taxpayer, the court holding that the contract in question is not within the purview of the Florida statute. Construing ejusdem generis the phrase "written obligations to pay money" as referring to written obligations in the nature of notes, the question at issue is brought squarely within the doctrine of Haverty Furniture Co. v. United States (D. C.) 286 F. 985.

Helvering v. Stockholms Enskilda Bank, 55 S. Ct. 50, 79 L. Ed. — (decided November 5, 1934), construed the phrase "interest on bonds, notes, or other interest-bearing obligations of residents," as found in section 217 (a) of the Federal Revenue Act of 1926 (26 USCA § 958 (a), in defining gross income. The situation therein considered differs from that presented by the Florida Stamp Tax Act (Laws Fla. 1931 [Ex. Sess.] c. 15787). The two acts are vitally dissimilar in scope and purpose. The federal income tax is an all-embracing tax upon every sort of income subject to the federal power. The intention of Congress that it should be all-embracing is clearly apparent from the act. Unlike the federal income tax, the Florida stamp tax is a *selective* tax, applicable only to a limited number of designated subjects. There is no apparent legislative intent to exercise the state's taxing power upon everything that could be made the subject of a stamp tax, but certain designated documents and instruments are selected and designated as subjects of the tax. To an act of that character, the rule is clearly applicable that to bring an instrument or document within its operation, such instruments or documents must be clearly included in the terms of the act. Moreover, there are not present in the Florida act the additional indicia of inclusion of other obligations than those similar to notes, such as appear in the Federal Revenue Act, as pointed out in Helvering v. Stockholms Enskilda Bank. To the contrary, the use of the language in the Florida act, "any renewal thereof," is persuasive that the Legislature did not intend to tax ordinary commercial contracts of the character here considered, since the language just quoted is peculiarly akin to notes but not usually used in reference to commercial contracts.

There is no indication in the Florida statute that the Legislature intended to tax commerce generally, the apparent intention being to tax only a designated and specific class of instruments which have long since been regarded as appropriate to the imposition of a stamp tax of this character.

The instruments involved in Willcuts v. Investors' Syndicate (C. C. A.) 57 F.(2d) 811, were vitally different in character from the instrument here under consideration. The furniture sales contract involved in Nelson v. Watson, 114 Fla. 806, 155 So. 101, was held to be within the statute because such instrument was a mortgage under the laws of Florida, and therefore specifically enumerated in the statute.