### LEE, State Comptroller, v. KENAN et al.
### No. 7712.

Circuit Court of Appeals, Fifth Circuit.
June 28, 1935.

Cary D. Landis, Atty. Gen., H. E. Carter and J. V. Keen, Asst. Attys. Gen., for appellant.

Robert H. Anderson, Henry P. Adair, Russell L. Frink, and Martin H. Long, all of Jacksonville, Fla., and Jesse E. Waid, of New York City, for appellees.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

J. M. Lee, as comptroller of the state of Florida, by appropriate proceedings sought to have the District Court direct its receivers for the Florida East Coast Railroad Company to place documentary stamps upon a certain contract between the receivers and the city of Jacksonville which he contends is a "written obligation to pay money" required to be stamped by chapter 15787 of Laws of Florida of 1931 (Ex. Sess.). The District Court held against the comptroller, 8 F. Supp. 874, and he appeals.

The statute imposes a stamp tax on certain documents, among them "on promissory notes, non-negotiable notes, written obligations to pay money, assignment of salaries, wages, or other compensation, made, executed, delivered, sold, transferred, or assigned in the State of Florida, and for each renewal of the same, on each $100.00 of the indebtedness or obligation evidenced thereby, 10¢." The making signing, issuing, or accepting of any taxed instrument without paying in full the tax imposed and canceling the stamps is made a crime. In the contract here in question, signed by the city of Jacksonville and by the receivers, the city agrees to furnish and deliver to the railway company certain electric current, they to use not less than 300 horse power and not more than 2,000 horse power per month. "The Railway Company agrees to take and use electric power as described above based upon the following rates: $1 per month per H. P. connected, minimum H. P. connected to be not less than 300, which entitles them to use during such month 10 K. W. hours for each H. P. connected, and 4 cents per K. W. H. for the next 1,000 K. W. H. used, 3 cents per K. W. H. for the next 4000 K. W. H. used per month, and 2¼ cents for all additional energy used per month." The price is subject to stated adjustments if the cost of fuel oil to the city increases or decreases.

The contract is to run five years, but is terminable on the discharge of the receivers. This paper is not a written obligation to pay money within the meaning of the statute. It does not fix a debt and promise its payment. It is only an executory agreement for the sale of a commodity, and no obligation to pay money arises under it unless and until the commodity is delivered. The city could recover no money of the receivers by merely pleading and proving this contract, but would have to allege and prove the delivery of a certain amount of electric current and the adjustments of the price. The documents mentioned in the statute as to be taxed 10 cents "for each $100 of the indebtedness or obligation evidenced thereby" are instruments which by themselves directly evidence a debt or monetary obligation of a fixed and certain amount.

In United States v. Isham, 17 Wall. 496, 504, 21 L. Ed. 728, the rule was laid down that "the liability of an instrument to a stamp duty, as well as the amount of such duty, is determined by the form and face of the instrument, and cannot be affected by proof of facts outside of the instrument itself."

This contract on its face is not a direct obligation to pay money, but one to take electric current on certain conditions. On doing that, an obligation to pay money will arise. No one can tell from the face of this paper what amount of money, if any, will become due under it. If one should at its execution attempt to stamp it, he could not tell what amount of stamps should be affixed. As a legal term, the word "obligation" originally meant a sealed bond, but it now extends to any certain written promise to pay money or do a specific thing. In statutes an obligation to pay money usually refers to a direct written promise to pay a stated sum and not to the duty to pay that may be established by proof of extrinsic facts. See Karasik v. People's Trust Co. (D. C.) 252 F. 324, affirmed (C. C. A.) 252 F. 337; Munzinger v. United Press, 52 App. Div. 338, 65 N. Y. S. 194, approved in Tierney v. J. C. Dowd & Co., 238 N. Y. 282, 144 N. E. 583. There was no error in holding that this contract is not a written obligation to pay money within the meaning of the statute.

Judgment affirmed.