132 So.2d 556 (1961)
CHOCTAWHATCHEE ELECTRIC COOPERATIVE, INC., Appellant-Petitioner,
v.
Ray E. GREEN, as Comptroller of the State of Florida, Appellee-Respondent.
No. 40077.
Supreme Court of Florida.
July 26, 1961.
Rehearing Denied September 20, 1961.
*557 Roscoe Pickett and Alex Akerman, Jr., of Pickett, Akerman & Shipley, Atlanta, Ga., W.J. Oven, Jr., of Caldwell, Parker, Foster, Madigan & Oven, Tallahassee, for appellant-petitioner.
Richard W. Ervin, Atty. Gen., Joseph C. Jacobs and Sam Spector, Asst. Attys. Gen., for appellee-respondent.
PER CURIAM.
At various times beginning in 1941 and ending in 1957, Choctawhatchee Electric Cooperative, Inc., borrowed $3,002,000 from the United States and executed promissory notes in favor of the United States to evidence such indebtedness. The said promissory notes were secured by real property mortgages on Choctawhatchee Electric Cooperative's Florida holdings, and supplemental agreements relating thereto. The United States, as mortgagee, placed the said mortgages and supplemental agreements of record in Walton County, Florida. No documentary stamps were attached to said promissory notes, real property mortgages, and supplemental agreements. Choctawhatchee Electric Cooperative concedes that the notes, mortgages, and supplemental agreements were each and every one issued and executed by it in the State of Florida, and delivered to the United States by mail.
By letter dated August 20, 1959, Ray E. Green, Comptroller of the State of Florida, made demand on Choctawhatchee Electric Cooperative, Inc., for payment of the documentary stamp tax in the amount of $3,002 which he alleged was due the state on said promissory notes under § 201.08, Florida Statutes, F.S.A.
September 4, 1959, Choctawhatchee Electric Cooperative, Inc., filed suit in equity in the Circuit Court of Leon County, seeking an adjudication of its rights relative to the imposition of the documentary stamp tax as charged by the comptroller and prayed for both temporary and permanent injunction restraining the comptroller from imposing, collecting or attempting to collect any such documentary stamp tax on said promissory notes. The essential defense of Choctawhatchee Electric Cooperative, Inc., to the payment of said documentary stamp tax is that no such tax is or *558 can be imposed by the State of Florida on said promissory notes when issued to the United States because said documentary stamp tax is imposed on the documents and the documents involved in this case, being the property of the United States, are exempt from all forms of taxation under § 192.06, Florida Statutes, F.S.A., and by virtue of that provision of the federal constitution immunizing property of the United States from state taxation.
At the hearing on the prayer for injunctive relief the chancellor denied the injunction and held the documentary stamp tax on the promissory notes to be valid and collectible. On appeal to the District Court of Appeal, First District, the decree of the chancellor was affirmed.
We are confronted with a petition for review by certiorari from the order of the District Court of Appeal, First District.
Petitioner contends that the decision of the district court of appeal conflicts on the same point of law with the decision of this court in North American Company v. Green, Fla. 1960, 120 So.2d 603; that said decision affects a class of constitutional and state officers; and finally, that said decision construed a controlling provision of the federal constitution. We granted writ of certiorari and consented to hear oral arguments because of the apparent conflict between the decision of the district court of appeal and our decision in North American Company v. Green, supra.
The essential question presented for determination is whether or not the State of Florida has power to impose the documentary stamp tax on promissory notes issued to the United States of America by a Florida corporation.
Section 201.08, Florida Statutes, F.S.A., provides for the payment of a documentary stamp tax on "promissory notes, non-negotiable notes, written obligations to pay money, assignments of salaries, wages, or other compensation, made, executed, delivered, sold, transferred, or assigned in the state, and for each renewal of the same on each one hundred dollars of the indebtedness or obligation evidenced thereby, the tax shall be ten cents. Mortgages which incorporate the certificate of indebtedness, not otherwise shown in separate instruments, are subject to the same tax at the same rate." We think the district court of appeal was in error in holding that the documentary stamp tax involved in this case was more in the nature of a transaction tax. The weight of authority in this state appears to be to the contrary. The federal decisions are likewise to the contrary.
The Florida documentary stamp tax act, Chapter 201, Florida Statutes, F.S.A., was taken largely from Section 800 et seq., of the federal revenue act of 1924, as amended in 1926 and 1928, 26 U.S.C.A. § 4301 et seq. Consequently, the decisions of this court have followed the federal decisions with respect to the imposition of the documentary stamp tax. The federal decisions have consistently held that the documentary stamp tax is imposed on the document; that both liability for the tax as well as the amount of the tax must be determined by reference to the document only; that proof of extrinsic facts to establish liability for the tax or its amount will not be countenanced. United States v. Isham, 17 Wall. 496, 84 U.S. 496, 21 L.Ed. 728; Lee v. Kenan, 5 Cir., 78 F.2d 425, 100 A.L.R. 869; Endler v. United States, D.C.N.J., 110 F. Supp. 945.
The contention of the petitioner that no documentary stamp tax can be imposed on the promissory notes in this case because § 192.06, Florida Statutes, F.S.A., precludes the imposition of such a tax on property belonging to the United States, is untenable. The tax here involved is not a property tax. It is an excise tax. There is no attempt here to impose a tax on the United States. In Plymouth Citrus Growers Ass'n v. Lee, 1946, 157 Fla. 893, 27 So.2d 415, 416, we were confronted with a situation very similar to that we have in *559 this case. In the latter case a citizen of this state sought to avoid the imposition of the documentary stamp tax, claiming as petitioner does here, that the tax in reality was a tax on property of the United States. We held that the tax was on the citizen's "promise to pay" which was contained within the promissory note issued to the United States. In answer to petitioner's contention that the federal constitution and decisions preclude the imposition of the tax in this case, it is sufficient to say that nowhere has the petitioner demonstrated any such prohibition. As this court held in the Plymouth Citrus Growers Ass'n case, "It is hardly necessary to say that, so long as the Federal Law does not forbid such a tax, the State may exercise the privilege to impose it." The reasoning of the Supreme Court of the United States in Wilson v. Cook, 327 U.S. 474, 66 S.Ct. 663, 90 L.Ed. 793, we think concludes the point contrary to the contention of the petitioner. Section 201.08, Florida Statutes, F.S.A., imposes the tax on promissory notes under conditions present here; the liability for payment of the tax devolves upon the petitioner because of its "promise to pay," Metropolis Publishing Company v. Lee, supra.
Upon re-examination of our decision in the North American Company case, supra, it is apparent that it does not conflict on the same point of law with the decision of the district court of appeal in this case. In the North American Company case we were confronted with a different theory for imposing the documentary tax from that with which we are confronted in this case. The imposition of the tax in North American Company v. Green, supra, was predicated upon § 201.04, Florida Statutes, F.S.A., having to do with the transfer of stock certificates (the tax being imposed on the transfer) whereas in the case at bar the tax is predicated upon § 201.08, Florida Statutes, F.S.A., having to do with the issuance of promissory notes (the tax being imposed on the document containing the promise to pay). Even if it could be said (which we do not now decide) that the decision of the district court of appeal herein affects a class of constitutional officers, giving rise to our jurisdiction under Art. V, Sec. 4(2), Florida Constitution, F.S.A. it is axiomatic that certiorari should not be granted on this basis where, as here, we concur in the decision of the district court but disagree as to the reasons given therefor because of the well settled rule that the judgment of an inferior tribunal will not be reversed on appeal because of erroneous reasons applied in reaching a correct decision.
Certiorari is accordingly denied.
ROBERTS, C.J., and TERRELL, THOMAS, HOBSON and O'CONNELL, JJ., concur.
DREW and THORNAL, JJ., agree to conclusion.
THORNAL, Justice (concurring in the conclusion specially).
I have concurred because I agree that the tax is collectible but I cannot come to agree with the argument that the nature of the tax is merely an assessment against a document or a piece of paper. It may be that we are confusing the issue with mere semantics. However, this point appears to be a substantial part of petitioner's argument. Section 201.01 provides that the tax shall be levied, collected and paid "for and in respect to the several documents" "by any person who makes, signs, executes * * * the same." The tax levied by Section 201.08 on promissory notes, etc., is measured by the amount of the indebtedness evidenced by the instrument. To that extent it might be described as a tax on the document. However, my authority for the view that the tax is by nature an excise tax levied as an impost for the privilege of performing an act within the taxing forum, is the view of Chief Justice Hughes in Graniteville Mfg. Co. v. Query, 283 U.S. 376, 51 S.Ct. 515, 516, 75 *560 L.Ed. 1126. The tax there involved was the federal documentary stamp tax on promissory notes. In his opinion Chief Justice Hughes stated, "The tax as thus sustained is an excise tax, of a familiar sort, levied with respect to the creation of instruments within the state." He concluded with this description, to wit: "It is simply a tax levied in relation to an act done within the state in making an instrument."
The Graniteville case is probably the most often cited decision on this proposition. We followed it in State ex rel. Peninsular Tel. Co. v. Gay, Fla., 90 So.2d 132. When viewed in this light it seems to me to be immaterial whether the United States or someone else owns the paper upon which the petitioner executed the agreement to pay. While the paper which may be owned by the United States evidences the act of the petitioner, the fact remains that the excise tax is collected by the state from the one who "makes" the instrument and is measured by the amount of the promise to pay.
I agree that the tax is collectible but not entirely for the reasons stated in the opinion. I, therefore, agree to the conclusion and judgment.
DREW, J., concurs.