STURGIS, Judge.
The Circuit Court of Leon County, Taylor, J., entered a declaratory decree in favor of appellee as Comptroller of the State of Florida holding that certain transactions between the appellant, Maas Brothers, Inc., operator of retail department stores, and certain of its customers were taxable under Section 201.08(1), Florida Statutes, F.S.A., but not under Section 201.08(2), Florida statutes, F.S.A., hence this appeal.
The decree appealed was entered solely on the pleadings and motions for summary judgment filed by the respective parties and the facts are undisputed. The sole issue before the circuit court and here is whether a. certain printed instrument signed by customers of Maas Brothers, Inc., and identified as “Flexible Charge Account Application — Agreement” is subject to documentary stamp taxes imposed by Section 201.08, Florida Statutes 1963, F.S.A.
As is generally the custom of the learned chancellor who entered the subject decree, he.discussed at length the legal principles upon -which the decree is based and it would be trite for this court to undertake to elaborate thereon. Finding no error, we adhere to and quote with approval therefrom as follows:
“The plaintiff, Maas Brothers, Inc., seeks a declaratory decree that it is not liable for taxes imposed by Chapter 201, Florida Statutes, 1963 [F.S.A.], and particularly Section 201.08 thereof, by reason of the transactions hereinafter described.
“Plaintiff engages in the retail credit sale of various types of merchandise. In connection with these sales it enters into a formal written contract with each of its customers which is called a 'FLEXIBLE CHARGE ACCOUNT AGREEMENT’. This contract contains provisions which insofar as pertinent here are (A) the customer agrees to pay in installments as specified in the contract the purchase price of all merchandise thereafter purchased under this agreement from the plaintiff, (B) the customer agrees to sign a sales slip at the time of each purchase and agrees that if purchases be made by telephone the plaintiff may sign such sales slip as-agent for the purchaser, (C) title to all merchandise purchased under the agreement shall remain in the seller until the purchase price has been fully paid.
“The defendant contends that the transactions above described are taxable under subsection (2) of Section-201.08 which reads as follows:
‘On promissory notes, non-negotiable notes, written obligations to pay money, or other compensation, made,, executed, delivered, sold, transferred, or assigned in the state, in connection-with sales made under retail charge-account services,' incident to sales-which are not conditional in character and which are not secured by mortgage or other pledge of purchaser, the tax shall be fifteen cents on each one hundred dollars or fraction thereof of the gross amount of the indebtedness evidenced by said instruments, payable quarterly on such forms and under such rules and regulations as may be promulgated by the comptroller. No documentary stamps shall be required to be attached to instruments under the provisions of this subsection.’ (Emphasis Supplied)
The plaintiff insists that the italicized portion of the statute specifically removes from its operation every transaction with respect to which the sale is conditional. The contract in question is patently a conditional sales agreement and the Court must agree that this argument of the plaintiff is *635 ■supported by the language of the stat■ute.
“However, this does not mean 'that the plaintiff’s way of doing business is exempt from taxation. The ■Court is of the opinion that the transitions are clearly taxable under sub■section (1) of Section 201.08 which pro- ■ vides:
'On promissory notes, non-negotiable notes, written obligations to pay money, assignment of salaries, wages, or other compensation, made, executed, delivered, sold, transferred, •or assigned in the state, and for each renewal of the same on each one hundred dollars of the indebtedness -or obligation evidenced thereby, the tax shall be fifteen cents on each one hundred dollars or fraction thereof. Mortgages which incorporate the certificate of indebtedness, not otherwise shown in separate instruments, are subject to the same tax at the same rate.’
Plaintiff would avoid the application of this statute by relying upon the decisions in the cases of Bankers Trust Co. v. Florida East Coast Ry. Co., 8 F.Supp. 874 (S.D.Fla.1934), Lee v. Kenan, 78 F.2d 425 [100 A.L.R. 869] (5th Cir. 1935), cert. denied [296 U.S. 637, 56 S.Ct. 170] 80 L.Ed. 453, Metropolis Pub. Co. v. Lee [126 Fla. 107], 170 So. 442 (Fla.1936), DeVore v. Lee [158 Fla. 608], 30 So.2d 924 (Fla.1947), State [ex rel. Weinberg] v. Green [Fla.], 132 So.2d 761 (1961), Gulf American Land Corporation v. Green, 149 So.2d 396 (Fla.App. 1st Dist.1962).
“These cases establish and reiterate •certain principles governing the application of the taxes imposed by Section 201.08(1), Florida Statutes [F.S. A.]. These taxes are upon documents. If the documents involved in any particular inquiry do not meet the requirements of the statute, then those documents are not taxed. Thus it has been held that a contract to pay for advertising to be furnished in the future, with no obligation to pay unless the advertising is ordered and furnished, is not within the statute. A promise to pay in the future for electricity to be furnished in the future although containing an agreement to receive and pay for minimum amounts of this commodity does not create a present obligation to pay and is not taxable. But a present unconditional promise to pay in the future the purchase price of real estate is taxable. If the buyer reserves the right within a specified time to rescind the contract, then, during that time, the promise is not unconditional and the document is not taxable. But when the time within which rescission may be demanded has expired and the contract becomes an unconditional promise to pay it immediately becomes taxable.
“The cases emphasize that the tax is upon the document. If the document is a promise to pay in the future, it is taxable. But if the document standing alone does not constitute such a promise it is not taxable even though performance of the obligations created by the contract gives rise to an obligation to pay.
“The standard adopted by the Court, and a very practical and reasonable one, is that if the holder of the contract could recover a judgment by pleading and proving the contract and non-payment, the contract, constitutes such a promise to pay as is within the statute, and is taxable.
“Applying this rule it is quite obvious that the execution of the original contract between the plaintiff and its customer does not create a promise to pay and the original contract, standing alone, is not taxable.
“However, the law is too well settled to require the citation of au *636 thority to the effect that a contract may consist of two or more documents which must be construed together to determine the rights and obligations of the parties.
“The FLEXIBLE CHARGE ACCOUNT AGREEMENT requires that the customer sign a sales slip at the time of each purchase and the customer agrees that if the purchase be made by telephone or mail the plaintiff may, as purchaser’s agent, sign the sales slip for him. It is quite clear that the parties contemplate that the FLEXIBLE CHARGE ACCOUNT AGREEMENT shall be implemented by the sales slips evidencing purchases and that the sales slips shall be construed in connection with the FLEXIBLE CHARGE ACCOUNT AGREEMENT — in short, that each sales slip shall be construed in connection with the FLEXIBLE CHARGE ACCOUNT AGREEMENT and that the two taken together shall constitute the contract between the parties.
“When this obvious intent is given effect the customer by signing the sales slip enters into a written obligation to pay to the plaintiff the amount of the purchase price of the merchandise described in the sales slip in installments determined from the application of the terms of the FLEXIBLE CHARGE ACCOUNT AGREEMENT. This promise is in writing. It is unconditional. It is a promise to pay specified sums of money at stated intervals. It necessarily follows that the signing of each sales slip creates a separate, distinct and independent written obligation to pay money in the future subject to taxation under Section 201.08(1), Florida Statutes [F.S.A.].
“This conclusion is fortified by the application of the standard outlined above which has been adopted by the Supreme Court. Should a customer default and the plaintiff sue, all that the plaintiff would be required to prove would be the execution of the FLEXIBLE CHARGE ACCOUNT AGREEMENT and the signing of sales slips-describing and specifying the prices of the various items of merchandise purchased by the customer. Upon this-showing plaintiff would be entitled to-judgment — payment being an affirmative defense.”
As noted by the chancellor, the original document, signed by the customer, standing alone is a nudum pactum. It acquires efficiency as part of a contract containing a promise to pay money at some time in the future only if and when it is implemented by a sales slip signed by the customer at the time of making a purchase or, with respect to purchases made by telephone, when signed by the seller (Maas Brothers, Inc.) as purchaser’s designated agent.
The arrangement here employed has every earmark of a device or “gimmick” by which to circumvent the tax in question. It is interesting to ponder but impossible to discover the practicalities of the title retainer provisions set out in the so-called “Flexible Charge Account Agreement” in relation to purchases of run-of-the-mill ex-pendible items which constitute the bulk of retail credit account sales of a general mercantile business as conducted by appellant. We will not attribute to the legislature an intent to permit wholesale abortion of the tax on the pretext that the transaction in suit is a normal development of such retail merchandising on charge accounts. Inequality in taxation breeds disrespect for all taxes. The courts owe the taxing authorities a duty to support the public revenues in no less degree than the duty not to impose a tax by judicial fiat.
The decree appealed is
Affirmed.
JOHNSON, J,, specially concurs.
RAWLS, C. J., dissents.