Proceeding under CPLR article 78. The act enabling the City of New York to tax deeds was amended (by L. 1965, ch. 575) as to “ Exempt organizations ” (Tax Law, § 1230) so as to read as follows: “ (b) The United States of America, and any of its agencies and instrumentalities insofar as it is immune from taxation where it is the purchaser, user or consumer ” (Tax Law, § 1230, subd. [b]). The local law imposing such real property transfer tax (Local Laws, 1965, No. 78 of City of New York) reads, as to “ Exemptions ” (Administrative Codé of City of New York, § II46-6.0): “ The following shall be exempt from the payment of the tax * * * 2. the United States of America, and any of its agencies and instrumentalities. Provided, however, that the exemption of such governmental bodies or persons shall not relieve a grantee from them of liability for the tax or from filing a return.” The local law also provides (Administrative Code of City of New York, § II46-4.0): “Payment. The tax imposed hereunder shall be paid by the grantor * * * before the recording of such deed. The grantee shall also be liable for the payment of such tax in the event that * * * the grantor is exempt from tax.”
Paul A. Fino, J.
In this article 78 proceeding petitioner is the assignee of the purchaser of certain realty at a foreclosure sale. The seller was a Master appointed by the United States District Court to .represent the interests of the mortgagee, the United States of America. The successful bidder was the Seventh County Corp. The Master deeded the property to petitioner, pursuant to the assignment. Thereafter, petitioner filed a real property transfer tax report stating no tax was due because “ This transaction is exempt, the grantor acting on behalf of the United States of America ”. Respondent audited the return and assessed petitioner the sum of $9,030.53 with interest. A hearing was held and the original assessment was sustained.
Petitioner contends the assessment is a double taxation, since it must pay the transfer tax again when the property is resold. It also urges that the tax is against the United States of America since the amount thereof, although not chargeable to the grantor government, is anticipated in the bidding and results in a correspondingly lower sale price. In essence, petitioner challenges the constitutionality of the enabling statute (Tax Law, § 1230) and the local law (Administrative Code of City of New York, §§ II46-6.0, II46-7.0) which exempt the United States from taxation but impose the liability thereon upon its grantee.
While this appears to be a novel situation, there is no showing that the grantor and the competitive bidders were unaware of the imposition of the transfer tax upon the grantee, and beyond their contemplation in determining a fair bid. Lack of knowledge of the law is of no excuse. There does not clearly appear any violation of the statutory immunity conferred upon the Federal Government. Moreover, it is not a party complaining to the court.
The imposition of the transfer tax upon the grantee is not equivalent to double taxation, since the same sale is not being taxed twice. The grantee presumably knows the law and assumes herein the tax liability ordinarily owed by the grantor (Administrative Code, § II46-4.0). Further, petitioner’s reasoning as to valuation is equally applicable when and if it should elect to sell the property.
Accordingly, the application is denied and the petition is dismissed.