Birdie Amsterdam, J.
The plaintiff moves herein for an order striking out defendants’ answer and directing summary judgment in its favor. The essential questions presented for determination are the propriety of the exaction of payment of a New York City real property transfer tax from plaintiff as grantee of real property from a Federal governmental instrumentality; does the requirement that plaintiff pay the tax contravene the enabling act pursuant to which the city’s tax was enacted? Is the requirement that plaintiff as grantee pay the tax unconstitutional because it violates the immunity of the United States *218 from State taxation or because it is a discriminatory imposition of the tax upon the grantee?
On February 9, 1967, a deed to the property located at 3280-3319 Nostrand Avenue, Brooklyn, New York, was executed and delivered to plaintiff as grantee, by the Secretary of Housing and Urban Development, acting through the Federal Housing Commissioner as grantor, for a consideration of $2,426,000. On February 14, 1967, a city real property transfer tax return was filed, sworn to by both grantor and grantee, asserting that the transaction was exempt and no tax was due. On May 3, 1968, the City Finance Administration issued to plaintiff a notice of determination of real property transfer tax deficiency in the sum of $12,130 (Yz of 1% of $2,426,000) and penalties and interest of $788.45 pursuant to section II46-7.0 of the Administrative Code of the City of New York.
The application herein must be judged in view of the laws obtaining at the date of delivery of the deed, e.g., sections 1201 (subd. [b]) and 1230 of the Tax Law, and title II of chapter 46 of the Administrative Code of the City of New York. Under those provisions, while exemption from the tax is afforded the United States as a party (Administrative Code, § II46-6.0, subd. a, par. 2), the only herein pertinent exemption afforded to a transaction exempts deeds ‘ ‘ to any governmental body ’ ’. (Administrative Code, § 146-6.0, subd. a, par. 2 and subd. b, par. 3; emphasis added.)
The decision in Empire State Bldg. Corp. v. City of New York (26 A D 2d 320, affd. 23 N Y 2d 830) relied upon by plaintiff, is inapposite for it concerned the propriety of a tax in a transfer effected in 1959 pursuant to the then applicable law (Local Laws, 1959, No. 49 of the City of New York and Administrative Code, ch. 46, tit. I). These laws were superseded by those above cited in 1965 (L. 1965, ch. 93, § 2) and the Appellate Division specifically recognized that a different result would be warranted thereunder in its decision in the Empire City case (supra, pp. 322-323).
On May 22, 1970, plaintiff requested a hearing to review said determination, but, after several adjournments at its request, plaintiff failed to appear and instituted this action.
Defendants contend that the city real property transfer tax is applicable to the deed here involved and is constitutional as applied to plaintiff. The tax here at issue is imposed upon the grantee and no basis exists for holding it unconstitutional on that basis. Nor does it inflict double taxation upon plaintiff because it, as grantor, would be primarily liable for the tax when *219 and if it sells the property. A different transaction would then be taxed and plaintiff could provide for payment of the tax by any future grantee, whether by increase in sales price or otherwise. Taxation of grantees in analogous cases has been upheld in other States (Choctawhatchee Elec. Co-op. v. Green, 132 So. 2d 556 [Fla.]) and, as therein cited, by the United States Supreme Court (Wilson v. Cook, 327 U. S. 474).
The imposition of the tax is in accord with the language of the statute. This court concurs with the reasoning of the court in Matter of Eight Sherwood Corp. v. City of New York (67 Misc 2d 246) as to its constitutionality. No basis has been advanced for relieving plaintiff from payment of penalties.
The motion is denied.