Harry L. Coe, Jr. Executive Director Department of Revenue Tallahassee
QUESTION:
Is documentary stamp tax required upon a so-called `open-end mortgage' at the time of recordation based upon the maximum amount recited therein which could be advanced, or is tax required based upon the portion of the advances authorized which had been made and evidenced by the documents presented for recordation?
SUMMARY:
The assessment of documentary stamp taxes upon an `open-end mortgage' at the time of recordation should be based upon the fixed amount of the initial or original debt or obligation and promise to pay (exclusive of future advances) and not the maximum amount specified in and authorized or which could or may be advanced or loaned under the terms of such mortgage. Any additional or future advances or loans made pursuant to such mortgage, if evidenced by a separate promissory note, nonnegotiable note, or other written obligation to pay money upon which payment of the future advances or loans might be enforced in court and which may include the original instruments or papers signed by the maker of the note or obligation or supplemental instruments evidencing such advances or loans, are subject to documentary stamp taxes if and when such future advances or loans are made.
Section 201.01, F. S., as amended by Ch. 77-414, Laws of Florida, now provides in essential part that the taxes specified in Ch. 201, F. S., as amended, shall be paid with respect to the several documents or instruments therein described, including mortgages, by any person who makes or records the same or for whose benefit or use the same are made or recorded. With respect to mortgages which do not incorporate the certificate of indebtedness, a notation shall be made on the note or certificate that the tax has been paid and that the proper stamps have been affixed to themortgage.
Section 201.08(1), F. S., as amended by s. 2 of Ch. 77-414, provides in pertinent part that on mortgages filed or recorded in the state, and for each renewal of the same on each $100 of theindebtedness or obligation evidenced thereby, the tax specified therein shall be paid. Mortgages recorded in the state which incorporate the certificate of indebtedness not otherwise shown in separate instruments are subject to the same tax as other written evidences of indebtedness or obligations to pay money and at the same rate. Where there is both a mortgage and a certificate of indebtedness, or obligation, the tax shall be paid on the mortgage at the time of recordation, and a notation made on the note, certificate of indebtedness, or obligation that the tax has been paid and the proper stamps affixed to the mortgage or obligation.
In the several situations designated in ss. 201.01 and 201.08, F. S. 1977, construing the two sections in part materia, it is manifest that the tax required to be paid on mortgages filed or recorded in this state by the person who makes and records the mortgages or for whose benefit or use the same are made and recorded is calculated or computed on the amount of the indebtedness or obligation evidenced by or secured by said mortgage. Therefore, whether the tax required to be paid upon an open-end mortgage at the time of recordation is to be based upon the maximum amount recited in such mortgage which could or might be advanced thereunder or only the amount initially advanced or loaned, i.e., the initial debt or obligation secured by the mortgage, exclusive or any future advances, must be determined by the meaning of the terms `indebtedness or obligation' as used in and for the purposes of s. 201.08. Cf. s. 199.052(7)(d), F. S. (1976) Supp.), and s. 697.04, F. S. 1975, which provide that any mortgage given for the purpose of creating a lien on real property if so expressed therein shall secure not only existing indebtedness but also such future advances, whether obligatory or to be made at the option of the lender or otherwise, as are made within 20 years from the date of the mortgage (s. 697.04(1); and any such mortgage (subject to the tax levied by Ch. 199, F. S.) securing future advances shall be paid at the time of execution on the initial debt or obligation secured (excluding future advances), which future advances become subject to the intangible tax at the time of and upon the sum of any such future advances (s. 199.052(7)(d)).
In construing the precursor of s. 201.08, F. S., the Fifth Circuit Court of Appeals in the case of Lee, State Comptroller v. Kenan,78 F.2d 425 (5th Cir. 1935), held that an obligation to pay money usually refers to a direct written promise to pay a stated sum and not to the duty to pay an amount that may be established by proof of extrinsic facts. The case involved a contract for the sale of electric current over a period of years. The court held that the contract did not fix a debt and promise its payment and was not an obligation to pay money within the meaning of the statute.
Similarly, in Metropolis Pub. Co. v. Lee, 170 So. 442 (Fla. 1936), the Supreme Court of Florida held that advertising agreements between newspapers and their customers to secure commercial advertising space wherein the customers agreed to pay for the space as used, after the advertising has been run, on a sliding scale according to the amount of space used were not subject to documentary stamp tax, since the agreements were on their face merely executory agreements to purchase advertising space, the amount of which was uncertain, and no obligation to pay arose until the advertising was run. The court also stated that a stamp tax could not be sustained under the former statute, the essential terms of which are the same as the present law, unless the transaction is clearly within the terms of the statute and that the statute levying and imposing excise taxes on documents must be strictly construed and all doubts and ambiguities resolved in favor of the taxpayer.
The conclusion reached herein is further supported by Maas Brothers, Inc. v. Dickinson, 195 So.2d 193 (Fla. 1967). There the Supreme Court of Florida expressed the view that s. 201.08(1), F. S. 1963, the material terms of which for the purposes of this opinion are the same as the present statute, did not contemplate the taxation of instruments when the actual debt or liability thereunder was dependent upon a contingency. In this case, the court ruled that a retailer's flexible charge account application agreement was dependent upon the happening of a contingency before any obligation was created, that is, the purchase of goods and the signing of a sales slip for the goods. The happening of this contingency was in the future and might or might not ever come to pass.
Also, in Devore v. Lee, 30 So.2d 924 (Fla. 1947), the Supreme Court of Florida ruled that documentary stamp taxes were not payable on short term leases in which a lessee agreed to pay rents in the future under former s. 201.08, F. S., which imposed documentary stamp taxes on notes and `written obligations to pay money' since the statute contemplated an outright obligation to pay a fixed and certain sum of money and not a promise to pay at some time in the future for rents accruing in the future if and when they accrued. The court stated that the obligation at issue therein, to pay rent, was executory and ripened into a debt only as the times for payment arrived. The court reasoned as follows at p. 926:
 An obligation for the full amount that the lessor would eventually receive from the lessee for the occupancy of the property for the entire time mentioned in the lease would not be established merely upon the execution of the instrument, for `rent does not accrue to the lessor as a debt or claim, unless payable in advance, until the lessee has enjoyed the use of the premises. It may never become due; for the lessee may be evicted, or the premises become untenable. . . .'
In the situation now under consideration, there is an arrangement whereby a fixed debt or obligation, i.e., the amount of the original loan, is created and any additional or future obligation or debt is subject to the contingency of a future advance being requested by the mortgagor and made by the mortgagee. The arrangement in effect grants the borrower the privilege of securing future advances or loans wherein the borrower promises infuturo to pay a future advance or loan of money to the lender if and when extended. It is impossible to tell from the face of the open-end mortgage, at the time it is recorded, what total amount of money will actually be loaned other than the amount of the original loan.
Applying the aforementioned judicial decisions and principles of law to your specific question, I am of the opinion that the indebtedness or obligation created by an open-end mortgage at the time of recordation is the fixed amount of the initial or original debt or obligation and promise to pay, exclusive of future advances, and that the documentary stamp tax should be based upon this amount and not the maximum amount specified in and authorized or which could or may be advanced or loaned under the terms of such mortgage. Any additional or future advance or loan made pursuant to such open-end mortgage would also be subject to documentary stamp taxes if and when such advance or future loan is made, if evidenced by a separate promissory note, nonnegotiable note, or other obligation to pay money upon which payment of the future advance might be enforced in court and which may include the original papers signed by the maker of the note or obligation or any supplemental instrument evidencing such future advance or loan. Any enforcement problems that may result could, in large part, be remedied by the enactment of a provision similar to s. 199.052(7)(d), F. S. (1976 Supp.). This section provides that as to any mortgage subject to the intangible tax securing future advances as provided in s. 697.04, F. S., the intangible tax shall be paid at the time of execution on the initial debt or obligation secured, excluding any future advances, with the intangible tax paid at the time and so often as any future advances are made. Failure to pay the appropriate intangible tax on the future advances renders the mortgage unenforceable in any court of the state as to any advance made until such time as the tax due thereon has been paid.
Prepared by: Harold F. X. Purnell, Assistant Attorney General