544 So.2d 291 (1989)
DEPARTMENT OF REVENUE and Gerald A. Lewis, Office of the Comptroller, Appellants,
v.
LINCOLN POINTE ASSOCIATES, LTD., Appellee.
No. BS-151.
District Court of Appeal of Florida, First District.
May 25, 1989.
*292 Robert A. Butterworth, Atty. Gen., J.C. O'Steen, and Edwin A. Bayo, Asst. Attys. Gen., Dept. of Legal Affairs, Tallahassee, for appellants.
Paula McDonald Rhodes of Carlton, Fields, Ward, Emmanuel, Smith, Cutler & Kent, P.A., Tampa, for appellee.

OPINION ON MOTION FOR REHEARING
BOOTH, Judge.
On consideration of appellants' motion for rehearing, we withdraw the opinion originally issued and substitute the following in its place.
This cause is before us on appeal of a circuit court order prohibiting appellants Department of Revenue (the Department) and Gerald A. Lewis (the Comptroller) from assessing documentary stamp taxes in excess of those appellee Lincoln Point Associates, Ltd. (Lincoln Point) already paid, and ordering the Department to refund documentary stamp taxes which were overpaid. After careful consideration, we affirm in part and reverse in part.
The relevant facts are that in November, 1981, appellee executed first and second mortgages for $23,800,000 and $5,950,000, respectively, each mortgage containing the qualifying language "or so much thereof as may be advanced, to be paid in accordance with a note." Two promissory notes were executed simultaneously with the mortgages. The notes were not attached to, nor were the terms of the notes recited in, the mortgages. The notes further provide that they are a part of a single loan transaction and that they "evidence a single loan in the aggregate amount of $23,800,000." Following their execution, the mortgages (without the notes) were duly recorded in Hillsborough County. A handwritten legend on the first mortgage indicates that the amount financed under the note it secured would not exceed $20,000,000. Nothing on the face of the $5,950,000 mortgage as recorded stated a lesser amount of indebtedness than the face amount. The parties agree that the actual amount financed under the two sets of documents was $23,800,000, as stated in the promissory notes.[1]
Pursuant to the handwritten legend on the $23,800,000 mortgage, appellee paid documentary stamp taxes on a taxable base of $20,000,000. Appellee also paid documentary stamp taxes on the full face amount of the $5,950,000 mortgage. In other words, appellee paid taxes on a total of $25,950,000, even though the promise to pay was limited to $23,800,000.
Subsequently, the Department sought to assess additional documentary stamp taxes based on the maximum amount which could be secured by both mortgages. This would result in appellee paying taxes on a taxable *293 base of $29,750,000, despite the fact that its promise to pay was limited to $23,800,000. Appellee protested the assessment and simultaneously applied for a refund for the amount of taxes it had paid in excess of the taxes due on its $23,800,000 obligation. The Comptroller denied appellee's application for a refund and indicated an intention to proceed with the assessment of the additional taxes. Appellee then filed suit in Leon County Circuit Court challenging the assessment and later joined the Comptroller's denial of the requested refund to its challenge.
Both parties filed motions for summary judgment. Appellants argued that the documentary stamp tax is a tax on mortgages and that, in determining the amount of taxes due, they are not required to look beyond the statement contained in the mortgages reciting the maximum principal amount which could be advanced. Appellee argued that the documentary stamp tax is an excise tax on the promise to pay, as measured by the indebtedness or obligation itself, which in this case was $23,800,000. The trial court rejected appellants' argument, and this appeal followed.
Section 201.08(1), Florida Statutes, provides in pertinent part:
On mortgages, trust deeds, security agreements, or other evidences of indebtedness filed or recorded in this state, and for each renewal of the same, the tax shall be fifteen cents on each one hundred dollars or fraction thereof of the indebtedness or obligation evidenced thereby... . When there is both a mortgage, trust deed, or security agreement and a note, certificate of indebtedness, or obligation, the tax shall be paid on the mortgage, trust deed, or security agreement at the time of recordation. (emphasis added)
The amount of the tax imposed under Section 201.08(1) is to be determined at the time of recordation based on information on the face of the document recorded and not on facts derived from other documents. See Department of Revenue v. McCoy Motel, Inc., 302 So.2d 440, 442 (Fla. 1st DCA 1974), appeal dismissed, 307 So.2d 448 (Fla. 1974); Choctawatchee Electric Cooperative, Inc. v. Green, 132 So.2d 556 (Fla. 1961), cert. denied, 369 U.S. 829, 82 S.Ct. 844, 7 L.Ed.2d 794 (1962). The Florida Documentary Stamp Tax Act is patterned after its federal counterpart[2] and federal decisions involving interpretations of the federal act will be followed, provided such constructions are not in conflict with the spirit and policy of Florida's legislation. The Florida Supreme Court held, in Choctawatchee Electric Cooperative, Inc. (132 So.2d at 558):
The federal decisions have consistently held that the documentary stamp tax is imposed on the document; that both liability for the tax as well as the amount of the tax must be determined by reference to the document only; that proof of extrinsic facts to establish liability for the tax or its amount will not be countenanced. United States v. Isham, 17 Wall. 496, 84 U.S. 496, 21 L.Ed. 728; Lee v. Kenan, 5 Cir., 78 F.2d 425, 100 A.L.R. 869; Endler v. United States, D.C.N.J., 110 F. Supp. 945. (emphasis added)
This court amplified the above rule in McCoy Motel, Inc., 302 So.2d at 442, stating:
The taxes imposed by the documentary stamp tax statute on promissory notes and written obligations to pay (Ch. 201, Florida Statutes) are excise taxes on the documents themselves and not upon the transaction contemplated by the documents. Choctawatchee Elect. Co-op, Inc. v. Green, Fla., 132 So.2d 556, cert. den. 369 U.S. 829, 82 S.Ct. 844, 7 L.Ed.2d 794, and Maas Brothers, Inc. v. Dickinson, Fla., 195 So.2d 193. The liability to pay the documentary stamp tax, as well as the amount of the tax, is to be solely determined by the form and face of the instrument and not by proof of extrinsic facts. (emphasis added)
See also Metropolis Publishing Co. v. Lee, 126 Fla. 107, 170 So. 442, 444 (1936); Hialeah, *294 Inc. v. Department of Revenue, 380 So.2d 562, 563 (Fla. 3d DCA 1980).
In this case, the first mortgage contained a handwritten legend that the amount actually advanced under that document would not exceed $20,000,000. Thus, the Department was correct when it initially assessed taxes on $20,000,000 for the first mortgage. The Department erred when it sought to assess additional taxes up to the $23,800,000 on the first mortgage, and the trial court correctly so ruled.
As to the $5,950,000 mortgage, the Department's assessment based on the full face amount shown on the recorded document was correct. Unlike the first mortgage, that mortgage document did not specify on its face a definite lesser amount which would actually be loaned. Therefore, the trial court correctly denied the claimed refund.
Thus, we affirm the trial court's ruling that taxes on the first mortgage be assessed on $20,000,000. We reverse the trial court's ruling limiting the assessment to less than the face amount of the second mortgage.
Accordingly, the judgment below is affirmed in part, reversed in part, and remanded for further proceedings in compliance with this opinion.
ERVIN and THOMPSON, JJ., concur.
NOTES
[1] The reason for this rather unusual arrangement is that appellee's lender, Aetna Casualty and Surety Company, required these procedures in order to satisfy certain New York investment statutes. At no time has anyone suggested that appellee was attempting to avoid taxes or otherwise had an improper purpose in structuring the loans the way it did.
[2] The Federal Documentary Stamp Tax Act was repealed effective January 1, 1966. See Pub.L. No. 89-44, 79 Stat. 157 (1965).