GRIDLEY, W.C., Associate Judge.
The Department of Revenue (DOR) appeals the final order of summary judgment entered in favor of Citizens National Bank of Leesburg (bank). We affirm.
DOR is an executive agency charged with the responsibility and authority to administer and collect documentary stamp taxes.[1] As part of its duties DOR is authorized to conduct examinations of tax *253 payers’ records and make tax assessments based upon these examinations. In this case DOR issued a deficiency assessment to the bank based upon such an examination, concluding that the bank had failed to pay the correct amount of documentary stamp tax on several loans made by the bank to certain of its customers during the period of time between September of 1985 and August of 1988. The bank protested the assessment; however, DOR formally rejected the protest and upheld the deficiency assessment. The bank then instituted this action challenging the assessment. Upon review of the parties’ separate motions for summary judgment, the trial court entered final summary judgment in favor of the bank, concluding that DOR’s deficiency assessment was improper. This appeal followed.
The parties stipulate that the following summary sets forth an accurate example of the transactions which precipitated the deficiency assessment:
The bank originally loaned the Allens an amount which is not specified in the record and secured this loan with a mortgage. This loan agreement provides that future advances could be made by the bank to the Allens. The Allens signed a promissory note and the proper documentary stamp was affixed. Subsequently, in January of 1988, the Allens entered into an agreement with the bank to obtain a future advance of $7,500. This agreement was executed on a document entitled “Mortgage Modification and Future Advance Agreement”. The agreement states that with the advance of $7,500 the Allens’ loan obligation to the bank totaled $61,149.77. The bank affixed documentary stamps in the amount of $7,500 to this modification agreement. The advance was secured by the same real estate as in the original loan agreement and subject to the original mortgage.
In auditing the January 1988 transaction DOR concluded that the transaction was a “renewal” of the original loan obligation and that, therefore, documentary stamp tax was due on the full amount of the outstanding loan; that is, the original loan as well as the future advance ($61,-149.77). DOR assessed the bank a penalty because the bank only paid documentary stamp tax on the sum advanced ($7,500). The trial court ruled that DOR erred in characterizing the transaction as a renewal, determining that the transaction was instead a future advance and, therefore, the bank properly paid documentary stamp tax on only the amount of the advance. See § 201.08, Fla.Stat. (1987) (if a promissory note secures a future advance then documentary stamp tax is paid only on the amount of the advance). See also 53 Fla. Jur.2d Taxation § 29:120 (1983). We agree with the trial court that this transaction constitutes a future advance.
Rule 12B-4.052 of the Florida Administrative Code defines the term “renewal note” as a written agreement which alters or modifies the contract or obligation of an original promissory note, mortgage, trust deed, security agreement or other evidence of indebtedness such as extending, continuing, replacing or assuming the terms of the original contract or obligation. Rule 12B-4.053(24) states that examples of renewal notes include but are not limited to notes where the unpaid balance is increased, an additional obligor is added, or the original note is assumed by another person.
The Attorney General has issued two opinions in which the definition of a renewal note is discussed. Opinion number 58-342 defines a renewal note as a' continuation of an old obligation or the reestablishment of a particular contract for another period of time. The opinion states that renewal notes are those made and delivered in lieu of existing notes based upon the same consideration and for the purpose of extending the time for payment. Opinion number 61-168 states that the term renewal as applied to a note means the reestablishment of the particular contract for another period of time given when the prior or original note becomes due, a change of parties is required, or an increase in security is requested. The opinion states that there is no renewal if the obligation is the same. See 1961 Op.Att’y.Gen. Fla. 061-168 (October 17, 1961); 1958 Op.Att’y.Gen. Fla. *254 058-342 (December 29, 1958). See also 53 Fla.Jur.2d Taxation §§ 29:120, 29:121, 29:122 (1983).
Here, the loan documents reveal that although the transactions at issue enlarged the extent of the borrowers’ indebtedness to the bank, the original loan obligations were not altered or replaced. Instead, new loan obligations were created. The purpose of the loan transactions was not to extend the time for payment of the original loans, but instead, to extend additional funds. The “form and face of the instrument” at issue herein supports the conclusion that the future advance provisions of the instrument are independent of its provisions modifying the payment terms of the original loan agreement. Thus, the trial court properly concluded that these transactions were future advances. See Department of Revenue v. Lincoln Pointe Associates, Ltd., 544 So.2d 291 (Fla. 1st DCA1989).
AFFIRMED.
GOSHORN, C.J., and W. SHARP, J., concur.

. Documentary stamp tax is an excise tax on the promise to pay and the tax is measured by the amount financed. The tax is on the document itself and not on the transaction contemplated by the document and, thus, the liability to pay the documentary stamp tax, as well as the amount of the tax, must be solely determined by the form and the face of the instrument and not by proof of extrinsic facts. Choctawatch.ee Electric Cooperative, Inc. v. Green, 132 So.2d 556 (Fla.1961); Barnett Bank of South Florida v. State Department of Revenue, 571 So.2d 527 (Fla. 3d DCA 1990); State Department of Revenue v. McCoy Motel, Inc., 302 So.2d 440 (Fla. 1st DCA1974).