STATE OF FLORIDA, ex rel. H. C. PACKARD, *Plaintiff in Error,* v. H. H. COOK, as Constable of the Seventh Justice of the Peace District of Duval County, Florida, *Defendant in Error.*

146 So. 223.

En Banc.

Opinion filed January 31, 1933.

*John B. L'Engle* and *Robert H. Anderson,* for Plaintiff in Error.

*Cary D. Landis,* Attorney General, and *H. E. Carter,* Assistant, for Defendant in Error.

DAVIS, C. J.—This is a writ of error taken to a judgment rendered in a *habeas corpus* proceeding, the purpose of which was to have judicially declared the proper construction to be placed upon Chapter 15787, Laws of Florida, Acts of 1931 (Sections 1279 [III] *et seq.* 1932 Suppl. Comp. Gen. Laws), with respect to the requirement of a documentary stamp on an assignment of wages, when the amount of the wages assigned is less than one hundred dollars. The judgment below was in favor of the State's right to the tax.

The title to Chapter 15787, *supra,* is as follows:

"AN ACT Levying and Imposing an Excise Tax on Documents to Raise Revenue for the Support of the State Government: and Prescribing Penalties for Failure to Pay Said Tax."

The fourth paragraph of Schedule "A," under Section 1 of said Act, reads as follows:

"On promissory notes, non-negotiable notes, written obligations to pay money, assignment of salaries, wages, or other compensation, made, executed, delivered, sold, transferred, or assigned in the State of Florida, and for each renewal of the same on each $100.00 of the indebtedness or obligation evidenced thereby, 10 cents. Mortgages which incorporate the certificate of indebtedness, not otherwise shown in separate instruments, are subject to the same tax at the same rate."

The first paragraph of Section 4 of said Act is as follows:

"Section 4. Whoever makes, signs, issues, or accepts, or causes to be made, signed, issued, or accepted, any instrument, document or paper of any kind or description whatsoever, without the full amount of the tax herein imposed

thereon being fully paid, or whoever makes use of any adhesive stamp to denote any tax imposed by this Act, without cancelling or obliterating such stamps as herein provided, shall be guilty of a misdemeanor, and upon conviction shall be punished accordingly."

The first paragraph of Section 1 of the Act reads as follows:

"Section 1. That on and after the passage of this Act, there shall be levied, collected and paid for and in respect of the several documents, bonds, debentures, or certificates of stock and indebtedness, and other documents, instruments, matters, writings, and things mentioned and described in Schedule A of this Act, or for or in respect of the vellum, parchment, or paper upon which such document, instrument, matter, writing, or thing, or any of them, are written or printed by any person, firm, association, or corporation who makes, signs, executes, issues, sells, removes, consigns, assigns, or ships the same or for whose benefit or use the same are made, signed, executed, issued, sold, removed, consigned, assigned, or shipped in the State of Florida, the taxes specified in said Schedule A."

As the petitioner, H. C. Packard, was charged in the warrant with procuring the issuance of an assignment of wages for $7.30, it follows that his detention was illegal, unless it can be held that the statute in question, properly construed, requires the stated documentary stamp tax to be exacted on promissory notes, non-negotiable notes, written obligations to pay money, assignment of salaries, wages or other compensation mentioned in the statute, though the amount of indebtedness or obligation evidenced thereby be less than one hundred dollars.

At the outset it must be conceded that the correct rule of construction to be applied in such controversies is, that if

there is any doubt as to the liability of an instrument to taxation under the Act, the construction is in favor of exemption, because a tax cannot be imposed without clear and express words for that purpose. United States v. Isham, 17 Wall, 496, 21 L. Ed. 728.

The well established rule is that where there is an ambiguity in the language of a statute imposing a tax, and that ambiguity *raises a doubt as to the legislative intent,* the persons upon whom it is sought to impose the burden are to be given the benefit of the doubt, because a tax, to be sustained in any given case, must come clearly within the letter of the statute. Edwards, Internal Revenue Collector, v. Wabash Ry. Co., 264 Fed. (C. C. A.) 610, 33 C. J. 285, 25 R. C. L. 1092. See also State v. Beardsley, 84 Fla. 109, 94 So. Rep. 660.

Tested by the foregoing rule, it has not been made to appear that any substantial doubt can be raised as to the legislative intent to have the tax under consideration apply on *all* promissory notes, non-negotiable notes, written obligations to pay money, assignment of salaries, wages, or other compensation, made, executed, sold, transferred or assigned in the State of Florida, and for each renewal of the same, on each one hundred dollars of the indebtedness or obligation evidenced thereby, at the rate of ten cents, despite the fact that in sub-paragraphs 1, 2, 3 and 5 of Schedule A of Section 1 of Chapter 15787, *supra,* the tax is stated to apply "on each $100 of the face value *or fraction thereof,*" while in sub-paragraph 4 of Schedule A of the same Section, the tax is stated to apply "on each $100 of the indebtedness or obligation evidenced thereby," fractional amounts not being mentioned in the latter sub-paragraph.

This is true because the provisions of Chapter 15787, *supra,* undertake to deal with two phases of the same sub-

ject: (1) by enumerating and defining the subjects of taxation; (2) by stating the rate to be applied on each subject.

If ambiguity exists, as plaintiff in error contends, the ambiguity is not with respect to the *things* that are made subject to the tax. It is rather as to the *rate* to be applied in particular cases. This ambiguity can be resolved in favor of the taxpayer with relation to promissory notes, assignments of wages, etc., enumerated in sub-paragraph 5 of Section 1 of Chapter 15787, *supra,* by holding that while *each* of the documents enumerated in sub-paragraph 5 is made subject to some tax, because none are excepted, yet since taxes on fractional amounts of debt or obligations evidenced are not mentioned, no tax rate on fractional amounts of the indebtedness or obligation evidence thereby is to be collected, after the first tax of ten cents on the *subject* of the tax has been paid.

The tax is levied in terms and without any exceptions on the specified subjects. But the *rate* of the tax is according to the amount of debt or obligation evidenced by such subjects. Notwithstanding the fact that the amount of a debt or obligation evidenced in special cases is less than one hundred dollars with respect to a particular instrument, no legislative intent to completely exempt the subject from taxation is demonstrated, because the legislative intent was clearly expressed to the effect that there should be levied, collected and paid for and in respect to the "several" documents mentioned and described in Schedule A (Section 1) a tax "on" promissory notes, non-negotiable notes, written obligations to pay money, and assignments of salaries, wages or other compensation, as mentioned.

The fact that the *rate* of tax is only made to apply on multiples of $100.000 of the debt or obligation secured or evidenced, is only pertinent or material to be considered after

the *subject* of the tax has been ascertained according to the language of the statute and the rate is to be computed on the particular subject, according to its terms, and the ascertained nature of the particular subject viewed in the light of the statutory requirements.*

While much of the Florida statute appears to have been taken from a similar Federal Act on the same subject, and would therefore take the same construction in the Florida Courts as its prototype has been given in the Federal Courts, insofar as such construction is not inharmonious with the spirit and policy of our own legislation upon the subject (Kidd v. City of Jacksonville, 97 Fla. 297 [text 304], 120 So. Rep. 556), we find nothing in the construction of the Federal statutes on the subject now under consideration, which would militate against the view we now entertain and express concerning the present controversy.

The judgment of the Circuit Court remanding the petitioner to custody was in accordance with the proper construction of Chapter 15787, Acts of 1931, and should be affirmed.

Affirmed.

WHITFIELD and BROWN and BUFORD, J. J., concur.

---

*The language of the statute fixes the character of documents subject to being taxed, by describing them generally as "promissory notes," etc. The terms and provisions of the described documents that have been first ascertained to be subject to the tax, then fix the amount of the tax as ten cents for each one hundred dollars of the indebtedness or obligation evidenced thereby, in every case the minimum tax being ten cents, because no exceptions for documents of a less amount are made, where the document is of less than $100.00.