## SAWTELLE v. TAX ASSESSOR, et al.

Circuit Court, Dade County.

December 10, 1953.

Robert L. Achor, Miami, for plaintiff.

Charles H. Gautier, Worley, Gautier & Dawes, Miami, for defendants.

CHARLES A. CARROLL, Circuit Judge.

This cause came on for trial and final hearing before the court, and the court has considered the pleadings, evidence, arguments of counsel and briefs.

This case arises out of the effort of the Dade County Tax Assessor to extend and apply the Intangible Personal Property Tax Law (chapter 199, Florida Statutes 1951) to the intangible property of a testamentary trust, originating in Hawaii. The property of the trust is the stock of an Ohio corporation—a manufacturing company in Ohio. The securities are kept in Ohio by the trustees, and handled there by agents of the two joint or co-trustees. The beneficiaries are not residents of Florida. Florida (Dade County) is the place of residence and domicile of one of the trustees. California is the domicile of the other trustee.

It is important to note that the problem here is not to determine whether a statute providing for this challenged taxation contra-

venes the constitution—but to determine whether our statute can be used or construed to authorize or call for this application.

Thus, the questions are—(1) whether the local domicile of one of two trustees of a trust authorizes taxing the (foreign held) intangibles of the trust under the doctrine or rule that the situs of intangibles for taxation is their owner's domicile; (2) whether the intangible trust property has a business situs in this state; and (3) if the business situs of these intangibles is. outside Florida, does the fact that one of the trustees is domiciled in Florida form a basis for local taxation under the present statute?

The three questions are answered by the court in the negative. As to the first, the established rule that the domicile of the owner (trustee) of intangibles is the situs for taxation meets two obstacles here. First, the non-resident co-trustee is just as much an owner as the trustee who lives here, so there is no more reason under that rule to say that the situs for taxation is in Florida than to say that it is in the home state of the other trustee. Second, the Florida trustee owns only a one-half interest.

Greenough v. Tax Assessors of the City of Newport, 331 U. S. 486, 91 L. ed. 1621, is an example of fractional taxation in the case of scattered trustees, at their respective residences, on the domicile-owner-situs theory. But there must be a statute which clearly contemplates and expressly provides for that circumstance. The case of Florida National Bank of Jacksonville v. Simpson (Fla.), 59 So. 2d 751, at pp. 766-767, recognizes that the Florida Intangible Personal Property Tax Law does not expressly cover the situation where some trustees reside in and some out of the state (or in different taxing areas).

In State ex rel. Packard v. Cook (Fla.), 146 So. 223, and many later cases, it is said that nicely balanced doubts will be resolved in favor of the taxpayer. That principle is much more stated than performed.

Florida National Bank of Jacksonville v. Simpson, supra, showed also that with scattered trustees this state fixes the taxable situs of the trust intangibles at their *business situs*—not by the owner-domicile rule, but rather by an exception to it.

That brings on a discussion of the second question. In the Simpson case the Supreme Court definitely established the rule that the situs for taxation is in the state where the trust intangibles are located and operated, when some trustees reside in and some out of. the state.

*In that case the intangibles were held and operated in Florida.* That decision was one which gained taxes for the state.

In this case (question 2) the trust assets (intangibles) are in Ohio, not in Florida. Under the Simpson case, therefore, because the trustees are scattered the tax situs of the intangibles is not in Florida.

Now, as to question 3—under the circumstances here, the fact that one co-trustee is domiciled in Florida cannot change the tax situs of these intangibles to this state.

To so hold, under the present statute, would be to disregard the rule of construction which favors a taxpayer in a doubtful or ambiguous instance. Moreover, after the Supreme Court has held as it did (with resultant taxation) in the Simpson case, for this court (in order to arrange or favor taxation) to hold the opposite, saying the location of the intangibles in *this* case does not fix the tax situs, and throwing up some supposed distinctions, would be inexcusable, and little better than judicial piracy.

It is accordingly ordered, adjudged and decreed that the equities in this cause are with the plaintiff and that he is entitled to the relief sought in his bill. The injunction prayed for may be prepared and submitted to the court for signature.