336 So.2d 1239 (1976)
LEADERSHIP HOUSING, INC., a Delaware Corporation, Petitioner,
v.
DEPARTMENT OF REVENUE of the State of Florida, Respondent. Arnold Kaplan and Sophie Kaplan, Petitioners,
v.
DEPARTMENT OF REVENUE OF the State of Florida, Respondent.
Nos. 76-837, 76-838.
District Court of Appeal of Florida, Fourth District.
September 10, 1976.
*1240 Samuel C. Ullman of Smathers & Thompson, Miami, for petitioners.
Robert L. Shevin, Atty. Gen., and Patricia S. Turner, Asst. Atty. Gen., Tallahassee, for respondent.
ALDERMAN, Judge.
Leadership Housing, Inc., in Case No. 76-837, and Arnold Kaplan and Sophie Kaplan, in Case No. 76-838, filed Petitions for Writ of Certiorari pursuant to Section 120.68, Florida Statutes (1975) and Fla.App. Rule 4.1. The two petitions have been consolidated since they involve the same issue of law and are related factually.
Petitioners seek to have reviewed certain final agency action of the Department of Revenue of the State of Florida. The facts are not in dispute. Leadership Housing, Inc. is in the business of selling improved residential real property in Broward County, Florida. During 1973 and 1974 it sold nineteen separate homes to nineteen different purchasers, including the Kaplans. At the time of the nineteen sales, each parcel was already encumbered by separate mortgages between Leadership Housing, Inc. and an institutional lender. Each mortgage allowed the lender, with certain exceptions, to accelerate the indebtedness if the property encumbered by the mortgage was sold or transferred by Leadership Housing, Inc. without lender's prior written consent. Each mortgage further provided:
"If Lender has waived the option to accelerate . .. and if Borrower's successor in interest has executed a written assumption agreement accepted in writing by Lender, Lender shall release Borrower from all obligations under this Mortgage and the Note."
Florida documentary stamps were attached to each of the mortgages pursuant to Chapter 201, Florida Statutes, and said mortgages were recorded.
Each of the nineteen sales provided for a partial cash payment and the assumption by the purchaser of the existing mortgage, evidenced by an assumption agreement between the lender and the purchaser. Title was conveyed by a warranty deed which recited that the deed was subject to the existing mortgage which buyer assumed and agreed to pay. On each deed the documentary stamp taxes were computed and paid on the full purchase price pursuant to Section 201.02, Florida Statutes. The surtax imposed by § 201.021, however, was paid only on the amount of cash paid. Subsequent to each of the nineteen sales, a release agreement was entered into between the lender and Leadership Housing, Inc. In consideration of the assumption by purchaser of the note and mortgage, the lender would release Leadership Housing, Inc. from personal liability.
The Department of Revenue assessed documentary stamp surtax and penalties against petitioners based upon the full purchase *1241 price including the amount of the assumed mortgage. The legal issue which we must resolve is whether, based upon the facts set out above, the Department of Revenue properly included as part of the consideration upon which it based its assessment of the surtax imposed by § 201.021(1), the amounts of the various mortgages assumed by the purchasers.
Section 201.021, Florida Statutes (1975), provides as follows:
"Surtax on documents relating to land; land acquisition trust fund. 
(1) A documentary surtax, in addition to the tax levied in § 201.02, is levied on those documents taxed by § 201.02 at the rate of fifty-five cents per five hundred dollars of the consideration paid; provided, that when real estate is sold, the consideration, for purposes of this tax, shall not include amounts of existing mortgages on the real estate sold. If the full amount of the consideration is not shown on the face of the document, then the tax shall be at the rate of fifty-five cents on each five hundred dollars or fractional part thereof of the consideration." [Emphasis Added]
It is the position of the Department of Revenue that a mortgage assumed by the purchaser when the seller is expressly released from the obligation by the mortgagee is not an "existing mortgage" as that term is used in § 201.021(1). Instead, it contends, the transaction constitutes a "mortgage assumption and release agreement", extinguishing the original obligation between the seller and lender, and creating a new obligation between the lender and purchaser.
In support of this position respondent relies upon Department of Revenue Rule 12A-4.13(25), Florida Administrative Code, which provides:
"When computing the surtax under Section 201.021, F.S., on a deed of conveyance, the total consideration on which such tax is based includes a mortgage debt which the grantee assumes and agrees to pay when the original mortgagor (grantor) is released from the obligation by the mortgagee."
Additionally respondent finds support for its position in Florida Attorney General's Opinion 073-67 (1973). In answer to a question propounded by the Department of Revenue, the Attorney General expressed his opinion that in computing the surtax due under § 201.021(1) on a deed of conveyance, the total consideration on which such tax is based does include a mortgage which the grantee assumes and agrees to pay when the original mortgagor (grantor) is released from the obligation by the mortgagee. The rationale of the Attorney General's Opinion was that a novation occurs when parties to a contract mutually agree to discharge a valid existing obligation (the original mortgage) and replace it with a new obligation. The Attorney General concluded that the existing obligation would be extinguished, the original mortgagor would be released from liability, and a new mortgage would be created.
The opinions of the Attorney General are entitled to great weight in construing the law of this State, but are not binding on this Court. Beverly v. Division of Beverage of the Department of Business Regulation, 282 So.2d 657 (Fla. 1st DCA 1973). Likewise Revenue Rule 12A-4.13(25) is merely an interpretative rule setting out respondent's position on the point at issue. It is not a substantive rule and has no legislative effect. With all due respect for the Opinion of the Attorney General and interpretation of the Department of Revenue, we have reached a contrary conclusion.
This case turns on the meaning of the following language from § 201.021(1):
"... that when real estate is sold, the consideration, for purposes of this tax, shall not include amounts of existing mortgages on the real estate sold."
In our opinion this language is clear, certain and unambiguous.
Recently the Florida Supreme Court, in State v. Egan, 287 So.2d 1, 4 (Fla. 1973), *1242 quoting from its earlier opinion in Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693 (1918), said:
"The Legislature must be understood to mean what it has plainly expressed, and this excludes construction. The legislative intent being plainly expressed, so that the act read by itself or in connection with other statutes pertaining to the same subject is clear, certain, and unambiguous, the courts have only the simple and obvious duty to enforce the law according to its terms. Cases cannot be included or excluded merely because there is intrinsically no reason against it. Even where a court is convinced that the Legislature really meant and intended something not expressed in the phraseology of the act, it will not deem itself authorized to depart from the plain meaning of the language which is free from ambiguity. If a legislative enactment violates no constitutional provision or principle, it must be deemed its own sufficient and conclusive evidence of the justice, propriety, and policy of its passage. Courts have then no power to set it aside or evade its operation by forced and unreasonable construction. If it has been passed improvidently the responsibility is with the Legislature and not the courts. Whether the law be expressed in general or limited terms, the Legislature should be held to mean what they have plainly expressed, and consequently no room is left for construction ...".
The following language, approved and adopted by Florida Supreme Court in Florida State Racing Commission v. McLaughlin, 102 So.2d 574, 575 (Fla. 1958) is also applicable to this case:
"[1] `It is elementary that the function of the Court is to ascertain and give effect to the Legislative intent in enacting a statute.
[2] `In applying this principle certain rules have been adopted to guide the process of judicial thinking. The first of these is that the Legislature is conclusively presumed to have a working knowledge of the English language and when a statute has been drafted in such manner as to clearly convey a specific meaning the only proper function of the Court is to effectuate this legislative intent.'"
From the undisputed facts of this case we hold that in each of the nineteen sales there was an "existing mortgage on the real estate sold." Upon the initial execution of the mortgages, a lien attached to the real property. That mortgage lien was not disturbed by the subsequent sale of the property, the assumption of the mortgage by the purchaser, or the release of the original mortgagor from personal liability. We reject respondent's argument that the "existing mortgage" in each transaction was discharged and replaced by a new one. If such were true the lender would be in danger of losing its priority to any intervening lien filed prior to creation of the "new mortgage."
Certainly the Legislature, if it desired to do so, could make a legislative decision to amend Chapter 201 to conform with Department of Revenue Rule 12A-4.13(25), Florida Administrative Code. However in this case we must consider the statute as it was enacted. We are further bound by the fundamental rule of construction that tax laws are to be construed strongly in favor of the taxpayer and against the government, and that all ambiguities or doubts are to be resolved in favor of the taxpayer. Mass Brothers, Inc. v. Dickinson, 195 So.2d 193 (Fla. 1967). If there is any doubt as to the liability of a particular instrument to taxation under the statute, the construction of it must be in favor of exemption. State ex rel. Packard v. Cook, 108 Fla. 157, 146 So. 223 (1933).
The Petitions for Writ of Certiorari are granted and the final agency actions of the Department of Revenue of the State of Florida in these consolidated cases are quashed. The consolidated cases are remanded for further proceedings consistent with this opinion.
MAGER, C.J., and CROSS, J., concur.