380 So.2d 562 (1980)
HIALEAH, INC., and Southeast First National Bank of Miami, Appellants,
v.
DEPARTMENT OF REVENUE, State of Florida, Appellee.
No. 79-655.
District Court of Appeal of Florida, Third District.
March 4, 1980.
Friedman & Britton, Adams & Ward and Robert C. Ward, Miami, for appellants.
Jim Smith, Atty. Gen. and William D. Townsend, Asst. Atty. Gen., Tallahassee, for appellee.
Before HAVERFIELD, C.J., SCHWARTZ, J., and MELVIN, WOODROW (Ret.), Associate Judge.
HAVERFIELD, Chief Judge.
Hialeah, Inc. (Hialeah) and Southeast First National Bank (Southeast), the petitioners, appeal from a final agency decision by the Governor and the Cabinet of the State of Florida, acting as head of the Department of Revenue, in affirming the recommendations of a Department hearing officer that Hialeah owed additional documentary stamp tax in connection with its purchase of Hialeah Race Track and assumption of an existing mortgage.
John Brunetti entered into a modification and assumption agreement dated March 4, 1977 on behalf of himself and his nominee, Hialeah, to purchase the assets of Hialeah Race Track from Hialeah Park, Inc. The contract provided that Brunetti or his nominee, Hialeah, assume existing mortgage obligations held by Southeast on behalf of itself and as agent for Marine Midland Bank. In addition, Hialeah Park, Inc. was requesting that Southeast release it from liability under the subject notes and mortgages at the time of the closing. On March 4, 1977 the assets sale was consummated and simultaneously Hialeah and Brunetti executed an assumption and modification agreement with regard to the subject mortgages. Under the provisions of the agreement, Hialeah paid Southeast $3,300,000.00 to reduce the unpaid principal balance due on the mortgages. Thereupon, Southeast executed a release of liability of Hialeah Park, Inc. under these mortgages. Also at the time of closing Brunetti purchased 90% of the stock of Hialeah Park, Inc. from its stockholders for a purchase price equivalent to their percentage interest in the $200,000.00 note that was given by Hialeah to *563 Hialeah Park, Inc. as additional consideration in the asset purchase. Thereafter, the Department of Revenue, by reason of the assumption and modification of mortgage agreement by Hialeah and the release of Hialeah Park, Inc. from liability, determined that such a transaction created an excise tax under Section 201.08(1), Florida Statutes (1977)[1] relating to such tax on all written obligations to pay money, and assessed a $13,000.00 tax plus penalties and interest. Hialeah initiated proceedings to review the assessment made by the Department of Revenue. The matter was presented before a hearing officer who entered an order recommending that the assessment be upheld. Hialeah filed exceptions to the recommendation order and sought review before the Governor and Cabinet of the State of Florida, sitting as head of the Department of Revenue. Following a hearing, the Governor and Cabinet approved the recommended order. From this final agency action upholding the excise tax levy, Hialeah and Southeast perfected this appeal. We reverse.
The excise taxes imposed by Section 201.08, Florida Statutes (1977) on written obligations to pay money are excise taxes on the documents themselves and not upon the transactions contemplated by the documents. Maas Brothers, Inc. v. Dickinson, 195 So.2d 193, 195 (Fla. 1967). The liability to pay the documentary stamp tax, as well as the amount of the tax, is to be solely determined by the form and the face of the instrument and not by the proof of extrinsic facts. State, Dept. of Revenue v. McCoy Motel, Inc., 302 So.2d 440 (Fla. 1st DCA 1974).
In the case at bar, the liability to pay the documentary stamp tax is to be determined solely from the March 4, 1977 assumption agreement, the only written obligation to pay, and not, as the Department of Revenue argues, from the assumption agreement coupled with the subsequent release of Hialeah Park by Southeast Bank, an extrinsic fact. With regard to the March 4, 1977 agreement, the Department of Revenue entered into the following written stipulation:
"1. That the Department of Revenue admitted and conceded before the Hearing Officer that the modification and assumption agreement dated March 4, 1977, entered by and between Hialeah, Inc., and Southeast First National Bank of Miami and Marine Midland Bank of New York did not create any documentary stamp tax consequence in and of itself. It was the giving of the release by the Southeast First National Bank of Miami and the Marine Midland Bank of New York to the prior mortgagor, Hialeah Park, Inc., which brought about the claim of the Department of Revenue that there were documentary stamp tax due."
The March 4 agreement being the only document from which the liability to pay the stamp tax is to be determined and the Department of Revenue having stipulated away any claim it may have had with regard to the levy of a tax on this document, *564 we conclude that the levy of the subject tax, assessment, penalty and interest was erroneous. Compare Leadership Housing, Inc. v. Department of Revenue, 336 So.2d 1239 (Fla. 4th DCA 1976). Accordingly, the final agency action of the Department of Revenue is reversed and the cause remanded for further proceedings consistent herewith.
Reversed and remanded.
NOTES
[1] 201.08 Tax on promissory notes, written obligations to pay money, assignment of wages, etc.; exception.

(1) On promissory notes, nonnegotiable notes, written obligations to pay money, or assignments of salaries, wages, or other compensation, made, executed, delivered, sold, transferred, or assigned in the state, and for each renewal of the same, on each $100 of the indebtedness or obligation evidenced thereby, the tax shall be 15 cents on each $100 or fraction thereof. On mortgages, trust deeds, security agreements, or other evidences of indebtedness filed or recorded in the state, and for each renewal of the same, on each $100 of the indebtedness or obligation evidenced thereby the tax shall be 15 cents on each $100 or fraction thereof. Mortgages, including, but not limited to, mortgages executed without the state and recorded in the state, which incorporate the certificate of indebtedness, not otherwise shown in separate instruments, are subject to the same tax at the same rate. When there is both a mortgage, trust deed, or security agreement and a note, certificate of indebtedness, or obligation, the tax shall be paid on the mortgage, trust deed, or security agreement at the time of recordation. A notation shall be made on the note, certificate of indebtedness, or obligation that the tax has been paid and the proper stamps affixed to the mortgage, trust deed, or [security agreement]. (Emphasis supplied)