Mr. Randy Miller Executive Director Department of Revenue The Carlton Building Tallahassee, Florida 32301
Dear Mr. Miller:
This in response to your request for an opinion on the following question:
 IS A NONCANCELLABLE LEASE OF TANGIBLE PERSONAL PROPERTY SUBJECT TO THE DOCUMENTARY STAMP TAX OF SECTION 201.08, FLORIDA STATUTES, AS A WRITTEN UNCONDITIONAL OBLIGATION TO PAY MONEY?
Included with your opinion request were three examples of noncancellable leases referenced in your letter. These lease forms have been reviewed in light of the question you posed.
Section 201.08, F.S., imposes a documentary stamp tax on, inter alia, written obligations to pay money, and provides, in pertinent part, as follows:
 (1) On promissory notes, nonnegotiable notes, written obligations to pay money, or assignments of salaries, wages, or other compensation made, executed, delivered, sold, transferred, or assigned in the state, and for each renewal of the same, the tax shall be 15 cents on each $100 or fraction thereof of the indebtedness or obligation evidenced thereby. . . .
The tax imposed by this statutory section is deemed an excise tax on the document itself and both liability for the tax as well as the amount of the tax is determined by reference to the document only and not by proof of extrinsic facts. Choctawhatchee Electric Cooperative, Inc. v. Green, 132 So.2d 556 (Fla. 1961), cert. denied, 369 U.S. 829 (1962); State, Department of Revenue v. McCoy Motel, Inc., 302 So.2d 440 (1 D.C.A. Fla., 1974); Hialeah, Inc. v. Department of Revenue, 380 So.2d 562 (3 D.C.A. Fla., 1980). Resolution of your question is therefore dependent on whether the noncancellable leases included with your opinion request can properly be construed to contain a "written obligation to pay money" within the taxing purview of s 201.08, F.S.
Generally, the lease forms provide for the leasing or renting of tangible personal property, i.e., equipment, for a specific period of time at a specific monthly amount. According to the terms of the leases, the equipment remains at all times the property of the lessor. Upon any default by the lessee, the lessor may not only retake the equipment, but may also accelerate or demand the total amount due under the lease.
In addition, two of the three forms submitted make express mention of the possibility of obtaining a deficiency judgment or recovering a deficiency against the lessee. In short, the forms generally provide that the lessor will look for more than the mere retaking of the leased equipment in the event of default; the lessee will be personally liable for, among other things, the balance due under the lease. Moreover, the leases contain in bold-faced print language to the effect that the lease cannot be cancelled. In light of all of the above, I am inclined to view the forms, when executed as lease agreements, as fixing an outright obligation for the payment of money, a noncontingent debt. Accordingly, I am of the opinion that the noncancellable leases of tangible personal property contain unconditional promises to pay sums certain and are taxable pursuant to s 201.08, F.S. In accord: AGO 60-34, wherein this office concluded that certain lease agreements of tangible personal property were subject to documentary stamp taxes. See also, AGO's 70-171, 62-145 and 61-176. Cf., Nelson v. Watson, 155 So. 101 (Fla. 1933).
In summary, unless and until legislatively or judicially determined otherwise, a noncancellable lease of tangible personal property containing a written unconditional obligation to pay money is subject to the tax imposed by s 201.08, F.S.
Sincerely,
Jim Smith Attorney General
Prepared by:
Linda Lettera Assistant Attorney General