PER CURIAM.
We affirm the trial court’s summary final judgment holding that appellee’s mortgage assumption agreement was not subject to documentary stamp taxes under section 201.08, Florida Statutes (1985), where, as here, there had been no release of the original mortgagor. We adopt the rationale of 1975 Op.Att’y Gen.Fla. 075-154 (June 3, 1975), which was as follows:
There remains a single written obligation to pay that is not increased and the assumption operates merely as additional security for its payment. However, when the assumption agreement releases the mortgagor, a novation has occurred with the existing obligation being discharged and replaced with a new obligation. This new obligation would be subject to the documentary stamp tax_ (Citations omitted.)
See 1962 Op.Att’y Gen.Fla. 062-43 (Mar. 9, 1962). See also Hialeah, Inc. v. Dept, of Revenue, 380 So.2d 562 (Fla. 3d DCA 1980) (Department stipulated that a mortgage assumption agreement which did not release the original mortgagor was not subject to documentary stamp taxes). This is consistent with Fla.Admin.Code Rule 12B-4.-053(19) which provides:
Assumption of Mortgage and Release of Liability: A written assumption agreement whereby the original obligor is released from liability of the debt, whether such release is incorporated therein, previously or simultaneously entered into by separate agreement of release between all parties, or provided in the terms of the original mortgage, constitutes a promise to pay and is taxable.
See also Fla.Admin.Code Rule 12B-4.-054(24).
We do not say there may not be doubt as to whether the assumption agreement constituted a “written obligation to pay money” under section 201.08. But doubt in this regard is to be resolved in favor of the taxpayer. See Leadership Housing, Inc. v. Dept. of Revenue, 336 So.2d 1239 (Fla. 4th DCA 1976).
The legislature is presumed to have been aware of the Department’s foregoing position. Not having thereafter amended the relevant legislation, the legislature may be considered to have thereby implicitly affirmed that position as reflecting the legislative intent. See Johnson v. State, 91 So.2d 185 (Fla.1957); White v. Johnson, 59 So.2d 532 (Fla.1952).
Affirmed.
CAMPBELL, A.C.J., and LEHAN and THREADGILL, JJ., concur.