THREADGILL, Judge.
Appellants challenge the trial court’s finding that a renewal note did not qualify for exemption from documentary stamp tax under provisions of section 201.09, Florida Statutes (1983). We conclude that the note satisfied the conditions for exemption and reverse.
In 1973, Culverhouse borrowed $10,750,-000 from Housing Investment Corporation of Florida and issued a mortgage note (note 1) for that amount secured by real property located in Sarasota County, Florida, known as the Palmer Ranch. In 1978, he borrowed $1,500,000 from Ellis Sarasota Bank & Trust Company and issued a note (note 2) for that amount secured by a mortgage on the Palmer Ranch. In 1981, Cul-verhouse borrowed $7,500,000 from Coast Federal Savings and Loan Association and issued a note (note 3) for that amount secured by a mortgage on the Palmer Ranch. Documentary taxes were paid and cancelled stamps were affixed to each note and/or mortgage. Each note and mortgage was later assigned to NCNB.
In 1981, Golden Eagle purchased an undivided one-half interest as a tenant in common in the Palmer Ranch subject to the three mortgages and assumed and agreed to pay one-half of the indebtedness secured by the mortgages.
In July 1983, Golden Eagle and Culver-house borrowed $160,724.39 from NCNB and issued an unsecured note (note 4) for that amount to NCNB. Also, on July 11, 1983, Culverhouse, Golden Eagle and NCNB agreed to consolidate the four notes and three mortgages held by NCNB. A renewal note was issued in the amount of $18,100,000 to NCNB by Culverhouse and Golden Eagle. The Consolidation Agreement secured all four notes under the consolidated mortgage. Documentary stamp *739 taxes due on note 4 were paid and affixed to the Consolidation Agreement. The renewal note provided that Golden Eagle’s liability as co-maker of the new note was limited to $9,050,000.
The Department of Revenue of the State of Florida in March 1984, notified NCNB of its intent to assess a documentary stamp tax on the renewal note, together with interest and penalties. The department, by revised notice, advised NCNB it intended to tax only $9,050,000 of the renewal note.
Appellants claimed no tax was due and petitioned for informal review of the assessment. On May 14, 1986, appellants were informed of the department’s final determination that the assessment was valid due to the addition of Golden Eagle as an obligor on notes 1, 2 and 3. Appellants paid $18,800.97 into the registry of the court and filed this action. The department filed a counterclaim requesting that the court declare a tax on the entire $18,-100,000.
The parties filed motions for summary judgment with supporting affidavits. Subsequent to a full hearing, the trial court denied appellants’ motion and granted final summary judgment in the department’s favor, finding that documentary stamp tax was due on the entire $18,100,000 amount of the renewal note.
In its order, the trial court cites section 201.09(1) which provides in pertinent part:
When any promissory note is given in renewal of any existing promissory note, which renewal note only extends or continues the identical contractual obligations of the original promissory note and evidences part or all of the original indebtedness evidenced thereby, not including any accumulated interest thereon and without enlargement in any way of the original contract and obligation, such renewal note shall not be subject to taxation under this chapter if such renewal note has attached to it the original promissory note with canceled stamps affixed thereon showing full payment of the tax due thereon. (Emphasis supplied).
The trial court found that the note did not continue the identical contractual obligations because Golden Eagle was not liable on three of the four preexisting notes.
Appellants contend on appeal that the renewal note is exempt and that the department is barred from assessing a tax on the entire $18,000,000. The department claims the court correctly found the note was an enlargement because it contains Golden Eagle’s obligation. It also claims the note is not exempt because the original promissory notes to which the cancelled documentary stamps were affixed were not attached to the new note.
Whether an assumption which does not release the original mortgagor operates as enlargement or is merely additional security for the debt, was recently decided by this court in State of Florida, Department of Revenue v. Bonard Enterprises, Inc., 515 So.2d 358 (Fla. 2d DCA 1987). In Bonard, we found that where, as here, there was no release of the original mortgagor, the mere assumption of the debt did not constitute an enlargement subjecting the new agreement to documentary stamps tax. In Bonard, the court relied on 1975 Op. Att’y Gen. Fla. 075-154 (June 3, 1975), which states that an assumption merely operates as additional security for the payment of the note, not as a new obligation subject to the stamp tax. See also Hialeah, Inc. v. Dept. of Revenue, 380 So.2d 562 (Fla. 3d DCA 1980).
Therefore, on the authority of Bo-nard and its rationale, the renewal note in this case should be exempt from documentary stamp taxes provided the other criteria of chapter 201.09(1) are met.
Appellee argues that the renewal note is not exempt because it failed to have attached to it the original promissory note with cancelled stamps showing full payment of the tax. However, section 201.08 which applies to notes 2, 3, 4, and the mortgage securing notes 2 and 3, provides that where a note is secured by a mortgage, the stamps may be affixed to the mortgage as long as a notation of the payment of the documentary stamp tax is made on the note. The stamps due on note *740 1 were attached to the note but the stamps paid on notes 2, 3 and 4 were attached to the corresponding mortgages in accordance with the current provisions of section 201.-08. Rule 12B-4.054(1) of the Florida Administrative Code required a reference to the payment of the tax to be contained in the renewal mortgage. Such reference is found in the agreement consolidating these mortgages which was recorded.
Here, it would have been impossible to attach notes 2, 3 and 4 with cancelled stamps since the stamps were affixed to the mortgages securing them. However, the renewal note does set forth the official records book and page of the mortgages to which the stamps paid on the notes 2 and 3 were attached. Notation of the payment of the stamp tax due on note 4 was made on the consolidation and modification of notes and mortgages pursuant to rules 12B-4.-001(4)(b)(2) and 12B-4.055 of the Florida Administrative Code. Thus, appellants met the requirement of establishing payment of the stamp tax on the original notes.
Because we find the renewal note did not enlarge the obligation and satisfied the other requirements for exemption, we reverse the final summary judgment for appellee and remand with directions to enter summary judgment in favor of appellants.
Reversed and remanded.
SCHEB, A.C.J., and HALL, J., concur.