ON MOTION FOR REHEARING
ERVIN, Judge.
On consideration of appellant’s motion for rehearing, we withdraw our opinion of July 29, 1991, and substitute the following opinion therefor. Appellant’s motion is otherwise denied.
Appellant, American National Bank of Florida, challenges an order of final summary judgment entered in favor of appel-lees, the Department of Revenue and Gerald Lewis, as Comptroller, in its suit to obtain a refund of documentary stamp taxes previously paid. We conclude, based upon the record before us, that the document in question did not qualify for tax exemption under Section 201.09, Florida Statutes (1985), and therefore affirm.
Section 201.08, Florida Statutes (1985), imposes documentary stamp tax liability on promissory notes and other written obligations to pay money and the renewal of same. Section 201.09 provides an exemption from the documentary stamp tax for renewal notes when the renewal note “only extends or continues the identical contractual obligations of the original promissory note and evidences part or all of the original indebtedness evidenced thereby.” Appellant, as a taxpayer seeking to shelter itself under the section 201.09 exemption, had the burden to establish its entitlement to exemption. See Green v. Pederson, 99 So.2d 292, 296 (Fla.1957). Because appellant failed to show that its renewal note merely extended or continued the identical contractual obligations of the original four promissory notes, we conclude that the evidence presented on the summary judgment motion was not sufficient to carry appellant’s burden.[1] In so saying we find NCNB National Bank of Florida v. Department of Revenue, 523 So.2d 738 (Fla. 2d DCA), review denied, 534 So.2d 399 (Fla.1988), factually distinguishable, because there was evidence of the original obligor’s continuing liability in that case. We therefore affirm the lower court’s order granting final summary judgment to appellees.
AFFIRMED.
ZEHMER and WEBSTER, JJ., concur.

. Although we observe that appellant argued that the four underlying notes were nonre-course, the record is devoid of evidence substantiating this argument. Consequently, we express no opinion regarding the legal effect of nonrecourse notes as to the tax exemption at issue.